SNIDER *vs.* THE STATE OF GEORGIA.*

1. Alcohol is a spirituous and intoxicating liquor, and it was not necessary for the State to prove that it is intoxicating.
(*a*) A fact known to every man of common understanding will be taken judicial cognizance of.
(*b*) Where it is not well-known and recognized by the people generally that a drink is intoxicating, proof that it is should be required.
2. Although no license may have been required of druggists for the

---

*BLECKLEY, C. J., did not preside in this case, because of sickness.

sale of alcohol, if it is a spirituous or intoxicating liquor no druggist or other person has a right to sell or furnish it to a minor without the written consent of his parent or guardian.

3. That the sale was not made by the accused himself, but by his clerk, cannot avail him.

October 17, 1888.

Criminal law. Liquor. Alcohol. Judicial cognizance. Principal and agent. Before Judge VAN EPPS. City court of Atlanta. June term, 1888.

Reported in the decision.

ALEXANDER & TURNBULL, for plaintiff in error.

FRANK M. O'BRYAN, solicitor, for the State.

SIMMONS, Justice.

Snider was convicted, in two cases, for selling spirituous and intoxicating liquors to minors, and in both cases made motions for a new trial, which were overruled by the court, and he excepted. The proof showed that the defendant sold pure alcohol to two boys on different occasions. The main point argued before us was, that the judge in charging the jury, in both cases, instructed them that alcohol was a spirituous and intoxicating liquor, and that it was not necessary for the State to prove that it was intoxicating; or, in other words, that the court could take judicial cognizance of the fact that alcohol was intoxicating, and could so instruct the jury, without proof that it was intoxicating. Counsel for the plaintiff in error argued that this was an expression of opinion by the court upon the facts of the case, and therefore was error.

1. We do not agree with the learned counsel who argued these cases so ably for the plaintiff in error. That alcohol is an intoxicant is as well-known and estab-

lished as any other physical •fact.   There is not one
man in ten thousand, or a hundred thousand, who, if
asked whether alcohol is intoxicating, would not reply
immediately in the affirmative.   It is not a purely sci-
entific fact; it is a fact that every person of common
understanding knows.   Indeed, it is a matter of com-
mon knowledge that alcohol is the intoxicating ele-
ment of the various forms of beverages known as "spir-
ituous and intoxicating liquors."   It is known by the
people generally as well as they know that the sun
produces heat, that summer is succeeded by winter,
that flowers bloom in the spring, that the earth revolves,
or that the blood circulates in the human system.
Would it be necessary, upon the trial of a case where
any of these facts were involved, to prove to the jury
any one of them?   We apprehend no lawyer would
undertake to burden the record of a case with such
proof.   If, therefore, it be unnecessary to prove any of
these well-known physical facts, why should it be
necessary to prove the equally well-known fact that
alcohol is an intoxicant?

In the case of Briffitt *vs.* The State, 58 Wisc. 42, the
defendant was indicted for selling intoxicating liquors
without first having obtained a license therefor.   The
proof was that he sold beer.   The question before the
court was, whether proof that the defendant had sold
beer was sufficient proof that he had sold malt and in-
toxicating liquor.   Orton, J., in delivering the opinion
of the court, said : "At the present time we all know
that this malt liquor, under the generic name of "beer,"
is made and used in most of European countries, and
in our own, and is a common beverage.   As long as
laws for licensing the sale of intoxicating liquors have
existed, brandy, whiskey, gin, rum and other alcoholic
liquids have been held to be intoxicating liquors *per se;*

and why? Simply because it is within the common knowledge and ordinary understanding that they are intoxicating liquors. By this rule of common knowledge, courts take judicial notice that certain things are verities, without proof; as in Chambers vs. George, 5 Litt. 335, the circulating medium was held to mean 'currency of the State,' and in Lampton vs. Haggard, 3 Mon. 149, the circulating medium was held to mean 'Kentucky currency'; and in Jones vs. Overstreet, 4 Mon. 547, the word 'money' was held to mean paper currency. . . . Words in contracts and laws are to be understood in their plain, ordinary and popular sense, unless they are technical, local or provincial, or their meaning is modified by the usage of trade. 1 Greenl. on Evidence, §278. When the general or primary meaning of a word is once established by such common usage and general acceptation, we do not require evidence of its meaning by the testimony of witnesses, but look for its definition in the dictionary."

There are numerous other cases holding that the courts will take judicial knowledge that beer is an intoxicant, and that the fact need not be proved to the jury. It is true that there are authorities in conflict upon the question of whether beer is such a well-known intoxicant as to need no proof of the fact, some courts holding that it is and others that it is not; but no case was cited, nor have we been able to find any, that holds that it is necessary to prove that alcohol, whisky, brandy, gin or rum are intoxicants.

In the case of the Commonwealth vs. Peckham, 2 Gray, 514, it was held that "an allegation in an indictment of an unlawful sale of intoxicating liquor, is supported by proof of such a sale of gin, without proof that gin is intoxicating." The court say, in that case: "Jurors are not to be presumed ignorant of what everybody else

knows. And they are allowed to act upon matters within their general knowledge, without any testimony on those matters. Now everybody who knows what gin is, knows that it is intoxicating. And it might as well have been objected that the jury could not find that gin was a liquor without evidence that it was not a solid substance, as that they could not find that it was intoxicating without testimony to show it to be so. No juror can be supposed to be so ignorant as not to know what gin is. Proof, therefore, that the defendant sold gin is proof that he sold intoxicating liquor." If this is a sound rule as to gin, and we think it is, it ought to be more so as applied to alcohol, "the hoary-headed mother of all intoxicants," as expressed in the charge of the court below.

Of course, if it is not well-known and well-recognized by the people generally that a drink is intoxicating, proof of the fact that it is intoxicating should be required. If there is a new drink, or a beverage not so well-known, such as "argaric," "rice-beer," and other drinks common under prohibition laws, proof that it is an intoxicating liquor would be necessary.

2. It is argued by the plaintiff in error that, under the facts of the case, the defendant ought not to be convicted, because the liquors meant by the statute are liquors sold and used as beverages. It is argued that this is shown by the fact that the city and county authorities have never considered alcohol as among those beverages, and have never required druggists to take out a license for its sale. It may be true, and doubtless is, that no license has ever been required of druggists for the sale of alcohol, but if alcohol is a spirituous or intoxicating liquor, no druggist or any other person has a right to sell it or furnish it to a minor without the written consent of his parent or

guardian. The statute declares positively that it shall not be done.

3. It is also claimed that the defendant should not have been convicted in one of these cases, because he did not sell alcohol himself but it was sold by his clerk. We do not think this makes any difference. The statute is, that " no person or persons, by himself or another, shall sell or caused to be sold, or furnished, or permit any other person or persons in his, her or their employ, to sell or furnish any minor or minors, spirituous or intoxicating or malt liquors of any kind, without first obtaining written authority from the parent or guardian of such minor or minors." Code, §4540(a).

For these reasons, we affirm the judgment of the court below in both cases.

Cited for the plaintiff in error : 3 Denio (N. Y.), 437 ; 20 W. Va. 22 ; 1 Hawley Crim. Rep. 490 ; 23 Ind. 483 ; 50 Ind. 555 ; 69 Ind. 68 ; 67 Maine, 242 ; 34 Maine, 165 ; 116 Mass. 56 ; 9 Gray, 136.

Cited for defendant in error : 58 Wisc. 40 ; 93 Ind. 251 ; 18 Ind. 450 ; 2 Gray, 514 ; 20 W. Va. 18 ; 58 Wisc. 737 ; 38 Am. Rep. 344.

Judgment affirmed.