BELL *v.* THE STATE.

1. The title of an act being "to prohibit the sale of alcoholic, spirituous or malt liquors, or intoxicating bitters," in a named county, and the enacting clause, which prescribes a penalty, corresponding therewith, the act is not rendered unconstitutional by another clause which describes all the liquors contemplated as "intoxicating liquors," alcoholic liquors, spirituous liquors, malt liquors and intoxicating bitters being comprehended in the phrase "intoxicating liquors."

2. The special local option law for Monroe county, enacted in 1882, does not vary the prior general law touching the granting of licenses to retail spirituous liquors; the one relates to prohibiting sales altogether, and the other to regulating sales, or making them lawful on certain conditions.

3. The evidence in behalf of the State, fairly construed, showing that the liquor sold was not whisky but rice beer, and there being no evidence that rice beer is a malt liquor, or that it is intoxicating, the verdict was without evidence to support it. In the present state of public information, courts cannot notice judicially that rice beer is intoxicating. Whether it is or not, is a question of fact for the jury on evidence adduced at the trial.

November 9, 1892.

Before Judge BOYNTON.        Monroe superior court. August term, 1892.

The indictment charged that the defendant, in Monroe county, "not being a practicing physician, did sell a quantity of whisky and intoxicating liquor, the same not being domestic wine," etc. He demurred on the grounds, among others, that the act of December 5, 1892, with a violation of which he was charged, was

| 91 | 227 |
| 91 | 231 |
| 91 | 227 |
| d109 | 826 |
| 91 | 227 |
| 114 | 70 |
| 91 | 227 |
| 121 | 205 |

unconstitutional, there being such a variance between
the title and the body of the act as to make it void, the
title being to submit to the qualified voters of the
county whether or not alcoholic, spirituous or malt
liquors or intoxicating bitters shall be sold, and the
body providing for holding an election to determine
whether intoxicating liquors shall any longer be sold in
the county; and in that the act seeks to vary a general
law of the State, to wit Code, §1419, in relation to
obtaining license and selling liquor. To the overruling
of the demurrer, and of a motion for a new trial after
verdict of guilty, the defendant excepted. The grounds
of the motion here material are, that the verdict was
without evidence to support it, and against the weight ·
of evidence.

The evidence was as follows: A witness testified
that he was present in 1890 (the indictment was found
at the February term, 1891), and saw Mitt Britt buy
some whisky of the defendant, for which he paid the
defendant fifteen cents. Mitt Britt testified: I never
bought any whisky from the defendant in my life. I
went there in 1890 to buy some whisky from him, and
he told me he had no whisky for sale, but he had some
rice beer. I bought a bottle of rice beer from him for
fifteen cents. I do not know whether it was intoxicat-
ing or not. I never saw any whisky before or since like
it. I bought a pint, drank about half of it, and gave
the rest away. It did not intoxicate me. It might have
made me sick, or it might have made me drunk, or it
might have killed me if I had drunk enough of it. I
do not know what effect it would have had. It did not
intoxicate me, but stimulated me some.

The defendant stated: "I never sold Mr. Britt a drop
of whisky in my life. He came to my store for some,
and I told him I did not keep whisky for sale. I sold
him some rice extract for fifteen cents. It was not

whisky or intoxicating liquor. I had no idea of violating the prohibition law of the county, and sold it openly and to any one who called for it. Mr. Stone had a bill against me for the rice extract to collect, and came to my store to collect it. I gave him a bottle of it, the same as I sold Mr. Britt, and he can tell you if it was whisky or intoxicating liquor." Stone was introduced as a witness, and corroborated the defendant's statement as to the transaction with him, but testified that he did not drink the rice beer which defendant gave him and did not know what became of it; it was billed to him as "rice beer," and the bottle was so labeled; witness did not think from looking at it that it was whisky or intoxicating liquor.

CABANISS & WILLINGHAM, by HARRISON & PEEPLES, for plaintiff in error.

JOHN J. HUNT, solicitor-general, contra.

BLECKLEY, Chief Justice.

1. The act in question is found in the Acts of 1882-3, p. 548. The title is as follows: "An act to prohibit the sale of alcoholic, spirituous or malt liquors or intoxicating bitters in the county of Monroe, after submitting the same to the qualified voters of said county, to provide a penalty, and for other purposes." The enacting clause prescribing a penalty reads thus: "That should a majority of the votes cast at said election have upon them the words 'against the sale of liquor,' then and in that event the provisions of this act shall go into effect on the first day of January, 1883, and on and after that day it shall not be lawful for any person or persons to sell, directly or indirectly, any alcoholic, spirituous or malt liquors or intoxicating bitters in any quantity in said county of Monroe, and any person violating the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be

punished as described in section 4310 of the Code of Georgia." A preceding clause declares: "That an election shall be held in the county of Monroe on Thursday, the twenty-first day of December, 1882, to determine whether intoxicating liquors shall any longer be sold in said county." There can be no doubt that the phrase "intoxicating liquors" embraces all the liquors mentioned, first in the title, and then in the penalty clause of the act. If it be capable of embracing more, as well as these, the act is not vitiated thereby, for it shows on its face that the legislature did not intend the phrase to include any but the liquors specially enumerated. Taking the whole act together, no court could rationally hold that the legislature meant to prohibit the sale of any liquor not comprehended in the description, alcoholic, spirituous, malt liquors or intoxicating bitters. Moreover, we doubt whether, considering the wide range of the word "alcoholic," any intoxicating liquor used as a beverage lies outside of this enumeration. Alcohol is understood to be the intoxicating principle in all liquors capable of producing intoxication; and rather than declare a statute unconstitutional for want of conformity to its title, the adjective "alcoholic" might, perhaps, be construed as synonymous or coextensive with the adjective "intoxicating." But granting that "intoxicating" is broader than "alcoholic," it is not, as used in this statute, broader than this and all the other descriptive words combined. The result is, that nothing in the body of the act is substantially different from what is contained in the title.

2. The act is a special law, but it in nowise varies the prior general law touching the granting of licenses to retail spirituous liquors. The special law prohibits sales in Monroe county altogether, or provides for it; the general law, as contained in section 1419 of the

code, relates to regulating sales, or making them lawful on certain conditions. Special local option laws could be constitutionally enacted in this State until a general local option law was passed, which was done later.

3. The indictment charged the sale of " a quantity of whisky and intoxicating liquor." Fairly construed, the evidence failed to show the sale of any whisky, but did show the sale of rice beer. What is rice beer, and what is its effect when taken into the human stomach? The evidence as brought here throws no light upon these questions. Rice beer is not shown to be a malt liquor, nor is it shown to be intoxicating. In the present state of public information, courts cannot notice judicially that it is one or the other. Some beverages, such as whisky, brandy, etc., are in such common and notorious use as intoxicants that no proof is requisite to stamp them with this character; but rice beer is comparatively a rare liquor. Whether it will produce intoxication or not ought to be proved. Were it shown to be a malt liquor, this would suffice; but the evidence is silent both as to how it is produced and what effect attends its use. Without at least some slight evidence tending to give it character, the jury could not rightly treat it as a prohibited article of sale. The question was one of fact for the jury to decide, and they have decided it adversely to the accused without any evidence to guide them. For this reason alone, the court erred in not granting a new trial. *Judgment reversed.*