## COLWELL v. THE STATE.

COBB, J. 1. The sale, without taking out the prescribed license, of a medicinal preparation capable of being used as a beverage, and which contains such a percentage of alcohol as that, if drunk to excess, it will produce intoxication, is unlawful, within the meaning of a statute prohibiting the sale without a license of " spirituous, malt, or any intoxicating liquors or bitters," whether the vendor in making the sale intended that it should be used as a medicine or otherwise, and without reference to the purpose for which it was bought by the purchaser. *Chapman* v. *State*, 100 *Ga.* 311.

2. The overruling of a demurrer to an indictment is not a proper ground of a motion for a new trial.

3. The charges complained of were not erroneous for any of the reasons assigned. The evidence authorized the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*

Submitted October 15, — Decided October 30, 1900.

Accusation of selling liquor without license. Before Judge Parker. City court of Baxley. July 5, 1900.

*Bennett & Bennett*, for plaintiff in error.
*J. H. Thomas*, solicitor, contra.

---

## WARD v. THE STATE.

SIMMONS, C. J. 1. This court will not control the discretion of a trial judge in refusing to reopen a case after both sides have closed their evidence; especially where it appears that, although the witness tendered had not been introduced, he had been in attendance upon the court during the trial, and where the movant failed to inform the judge as to what he expected to prove by the witness, stating merely that the evidence was not in rebuttal.

2. The request to charge, so far as legal and pertinent under the facts of the case, was covered by the general charge. The evidence was sufficient to authorize the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*

Argued October 16, — Decided October 30, 1900.

Indictment for murder. Before Judge Harris. Carroll superior court. June 29, 1900.

*Reese & Gordon*, for plaintiff in error.
*T. A. Atkinson*, solicitor-general, and *S. Holderness*, contra.