## HALL *v.* THE STATE.

Even if the evidence was sufficient to show, beyond a reasonable doubt, that the accused sold intoxicating liquor, the charge that the courts will take judicial cognizance that fermented wine is intoxicating was, under the facts of the case, so misleading as to require the grant of a new trial.

Argued February 20,—Decided March 2, 1905.

Indictment for selling liquor to minor.    Before Judge Proffitt. City court of Elberton.    January 4, 1905.

*Joseph N. Worley,* for plaintiff in error.

*Thomas J. Brown, solicitor,* and *Ira C. VanDuzer,* contra.

COBB, J.    The accused was prosecuted under the provisions of the Penal Code, § 444, which prohibits the selling or furnishing of "spirituous or intoxicating or malt liquors" to a minor, without the written consent of his parent or guardian.    The sale of a liquid to the minor was admitted.    The State contended that it was wine made from the juice of grapes.    The accused contended that it was cider made from the juice of the scuppernong.    It not being spirituous or malt liquor, there was no violation of law unless it was intoxicating.    The only evidence that the liquor was intoxicating was the testimony of a witness who stated, after having when on the stand tasted a liquid said to be of the character sold to the minor, that in his opinion it was wine and was intoxicating.    The witness based his opinion entirely upon having tasted the liquid while on the stand, and admitted that he had never tested the question as to its intoxicating character in any other way.    The judge charged the jury that it was a question for them to determine whether the article sold was intoxicating, and also

charged that the courts will take judicial notice that wine is a fermented liquor and is intoxicating. This was equivalent to saying to the jury that if they concurred in the opinion of the witness above referred to, that the liquid sold was wine, they should find the accused guilty. We think that under the facts of this case this charge had a tendency to mislead the jury. The controlling issue was whether the article sold was intoxicating; that is, whether it was a fermented wine of such a character that its intoxicating property was known to all persons of ordinary information. According to the evidence of witnesses who were acquainted with its mode of manufacture, it was not a fermented wine, and opposed to this was the opinion of one witness, who based that opinion merely upon tasting some of the liquid manufactured by the accused, and who knew nothing of the manner in which it was manufactured; and while himself experienced in the manufacture of fermented grape wine, he admitted that such wine could not be made within the time and in the manner in which the uncontradicted evidence showed that the article sold was manufactured. Even if the evidence relied on to sustain the verdict is sufficient to show, beyond a reasonable doubt, that the liquid sold was intoxicating in its nature, it is barely so, and we think that the instruction on the subject of the courts taking judicial cognizance that fermented wine is intoxicating was of such a misleading character that a new trial should have been granted.        *Judgment reversed. All the Justices concur.*