## 1406. STONER *v.* THE STATE.

1. An indictment for a purely statutory offense is sufficient which describes the offense in the language of the statute. Therefore, an indictment for a violation of the prohibition statute of 1907, which charges that the defendant "did sell and barter, for a valuable consideration,

Cook's Malt Ale, Bud near beer, the same being malt liquors," alleges in form and substance a violation of the statute.

2. The general words "alcoholic, spirituous, malt or intoxicating liquors," as used in the prohibition statute of 1907, import only liquors that will produce intoxication when drunk to excess; and, under an indictment using the general words of the statute as descriptive of the offense, it is only necessary, in order to make out a prima facie case, for the State to show that the particular liquor proved to have been sold by the defendant was within one of the general classes described by the statute. The burden would then be cast upon the defendant to prove that the liquor he sold was within the implied exception and was not intoxicating when drunk to excess, or was not a beverage or reasonably capable of being used as such.

Indictment for misdemeanor, from Gordon superior court— Judge Fite. August 25, 1908.

Argued October 27,—Decided December 22, 1908.

Rehearing denied January 20, 1909.

*F. A. Cantrell, Anderson, Felder, Rountree & Wilson,* for plaintiff in error. *Sam. P. Maddox, solicitor-general,* contra.

HILL, C. J. M. C. Stoner was indicted in the superior court of Gordon county for a violation of the prohibition statute of 1907 (Acts 1907, p. 81), in that he did "unlawfully . . sell and barter, for a valuable consideration, Cook's Malt Ale, Bud near beer, the same being malt liquors." A demurrer was interposed to the indictment, and the writ of error is for the purpose of testing the validity of the judgment overruling the demurrer. The demurrer challenges the sufficiency of the indictment because it fails to allege that the malt liquors charged to have been sold by the defendant were "either spirituous, alcoholic, or intoxicating." The language of the statute, pertinent to this question, is as follows: "It shall not be lawful . . to sell or barter for valuable consideration, either directly or indirectly, . . any alcoholic, spirituous, malt or intoxicating liquors or intoxicating bitters, or other drinks which, if drunk to excess, will produce intoxication." As a rule, it is sufficient in an indictment for a purely statutory offense to describe the offense in the words of the statute. Penal Code, § 929; 1 Bish. Cr. Law, 359; 11 Enc. Pl. & Pr. 520. An indictment, therefore, for selling liquor or liquors in violation of the prohibition statute need only describe the liquor or liquors sold as being alcoholic, spirituous, or malt; and, under this general allegation, proof of either class or character of liquor included within the general descriptive words would be admissible. (*Eaves*

v. *State,* 113·*Ga.* 749) ; or, as expressed by Black in his valuable treatise, "It is a well settled and accepted rule that an indictment for an unlawful sale or keeping of liquors need not specify the particular kind of liquor which it is expected to prove at the trial. That is, if the indictment charges the sale of 'spirituous' or 'intoxicating' liquor, or uses any other general term employed in the statute, it will be sufficient." Black's Law of Intoxicating Liquors, section 467, and cases cited. The indictment in the present case explicitly designates the kind of liquors sold, and expressly declares them to be malt liquors. This brings the two named liquors within one of the generic terms used by the statute. In the *Roberts* case this court said that the words "alcoholic or spirituous liquors," as used in the statute, import intoxicating liquors. *Roberts* v. *State,* 4 *Ga. App.* 207 (60 S. E. 1085). We conclude that the allegations of the indictment are sufficient, and in effect charged the unlawful sale of intoxicating liquors. *McDuffie* v. *State,* 87 *Ga.* 687; *Bell* v. *State,* 91 *Ga.* 227. In order to make out a prima facie case of a violation of the statute as charged in the indictment, it would only be necessary for the State to show that the liquor sold by the defendant was in fact a "malt liquor." This proof would denote that it was an intoxicating malt liquor, and the burden would be cast upon the defendant to disprove this inferential or presumptive fact, or to affirmatively show that although a malt liquor, it was not in fact an intoxicating malt liquor, or was not reasonably capable of being used as a beverage. While the expression "malt liquor," in its common and popular usage, primarily refers to such liquors as lager beer, ale, porter, and stout, judicially known to be intoxicating beverages, yet there are other varieties of malt liquors which are not intoxicating, and the courts are not willing to rule that all malt liquors are intoxicating; and where the particular kind of malt liquor is not alleged and proved to be one of the well-known character of those above designated, the question of its intoxicating nature must be referred to the jury, to be determined by the evidence. Black's Law of Intoxicating Liquors, § 6; 23 Cyc. 60, and cases cited. In the language of Chief Justice Simmons in the *Eaves* case, supra, "Certainly courts can not know judicially that all malt liquors are intoxicating. What numerous forms and kinds of malt liquor there may be, and whether all of them are intoxicating, we can not know judicially." We think this

a rational and common-sense construction of the statute in question; for it can not be doubted that when the legislature made use of the general words "malt liquors," it meant intoxicating malt liquors; and if the malt liquor alleged and proved to have been sold by the defendant is not embraced or included in the class of intoxicating liquors denoted by the words of the statute, it is only reasonable and right to require the defendant to prove that fact, and, in the absence of such proof, the jury would be authorized to draw an inference of guilt.

The able and learned solicitor-general insists, that if the proof shows that the liquor sold by the defendant was in fact a malt liquor, it would be immaterial how much alcohol it contained; that as the legislature had expressly prohibited the sale of "malt liquors," the only relevant issue would be whether defendant had sold a malt liquor, and that if he sold it, it was in violation of the statute; in other words, that the legislature intended to put under the ban of the law all malt liquors, regardless of their properties as intoxicants or otherwise. As we have attempted to show in the *Roberts* case, supra, this is a too literal construction to be placed on the words of the statute, and clearly antagonizes the intention of the legislature, which was manifestly to protect society from the evils of intemperance, caused by the use of intoxicating liquors as a beverage. It is conceded that the legislature, by the use of the general words, "alcoholic and spirituous liquors," did not intend to prohibit the sale of all alcoholic and spirituous liquors; for medicinal, toilet, and culinary articles, although they might contain sufficient alcohol to produce intoxication, are not included within these general terms; and this court, in the *Roberts* case, supra, and in the *Mason* case, 1 *Ga. App.* 534, and the Supreme Court in *Bradley* v. *State,* 121 *Ga.* 206, hold that the words "alcoholic and spirituous liquors," as used in the prohibition statute, denote liquors intended for use as a beverage, or capable of being so used, containing alcohol obtained either by fermentation or distillation in such quantity as will produce intoxication when drunk to excess." In support of his position, the learned counsel cites §§ 431 and 433 of the Penal Code, and the construction of these statutes made by the Supreme Court in *Eaves* v. *State,* supra. The statutes and the decision in question relate to the subject of license, and not prohibition. Regulation and prohibition are two distinct

things. The State has a constitutional right to require of all kinds. and classes of business a license. It has no right, in the exercise of its police power, to prohibit absolutely any business, except on the ground that such business injuriously affects in some way the public health, the public safety, or the public morality. The evil in the prohibited business must in some way touch the public. Based on this reason alone, the constitutionality of prohibition statutes is firmly established. Mugler *v.* Kansas, 103 U. S. 623;. Freund, Police Power, §§222, 223; *Roberts* v. *State,* supra, 217. The *Eaves* case, supra, is authority for the position that where the statute requires a license for the sale of all malt liquors, the intoxicating character of such liquors is irrelevant and immaterial;. but this decision is not authority for the position that in a prohibition statute, intended to prevent the evils of intemperance, the property of the liquor as an intoxicant is not material. To so hold is to lose sight of the great distinction between the right of the State to regulate a business and the right of the State to prohibit a business.

Counsel also refers to the statute which makes it unlawful to furnish spirituous and malt liquors to minors (Penal Code, §444); and it is contended that the legislature intended to make it unlawful to furnish to minors any kind of malt liquor, regardless of its intoxicating character. We think this construction of the statute in question is unquestionably correct; but we do not think that it affords any support to a similar contention as to the meaning of the prohibition statute. In the first place, the statute making it unlawful to furnish malt liquors to minors was an amendment to an original act which made it unlawful to furnish intoxicating liquors to minors, and the amendatory act expressly made it a misdemeanor to furnish to minors, without first obtaining written authority from the parent or guardian, "malt liquors of any kind." And in the second place, we think it entirely within the province of the legislature, for the protection of minors, to prohibit the sale to them of any article that might tend to create an appetite for intoxicants. And we are clearly of the opinion that, by the express terms of the act of 1877 (Acts 1877, p. 107), it is unlawful to furnish to a minor, without first obtaining written authority from his parent or guardian, either spirituous, alcoholic, or "malt liquors of any kind," whether intoxicating or not.

It must be admitted that there can be found, in the decisions of some of the courts, authority for the position of the solicitor-general that where an act specifically prohibits the sale of a malt liquor, the question of its intoxicating character is immaterial, and that the prohibition is absolute and not dependent upon the amount of alcohol which malt liquor contains. But we think the rule approved by the preponderance of authority supports the decisions of this court in the *Roberts* and *Mason* cases, and the decision of the Supreme Court in the *Bradley* case, supra, that the general expression used in prohibition statutes means any liquor which is intoxicating when drunk to excess, and which is reasonably capable of being used as a beverage. These two ultimate facts must appear, either by judicial knowledge or by direct evidence, or by inference fairly and reasonably deducible from proved facts. This decision is not in conflict with the decision of this court in the *Roberts* case, supra. In the *Roberts* case the defendant was charged with keeping on hand at his place of business "alcoholic and spirituous liquors," and the court was requested to instruct the jury that these general words in the statute meant only such alcoholic and spirituous liquors as would produce intoxication when drunk to excess. This the trial court refused to do, and instead charged the jury that the statute, by these general terms, referred to liquors that contained an appreciable quantity of alcohol, and that it could make no difference whether the liquors were in proper form to be used as a beverage or not. This court held that the instruction requested should have been given, and that the charge as given was an erroneous interpretation of the law. As one of the reasons for this ruling, the court stated that these general words, as used in the statute, necessarily imported intoxicating liquors reasonably capable of being used as beverages. The question in the *Roberts* case was one of substantive law. The question in the present case is one of the sufficiency of an indictment describing the offense in the general descriptive terms of the statute, and the sufficiency of the evidence, under such allegation, to raise an inference of guilt. The decision now made is the only rational conclusion that can be drawn from the decision in the *Roberts* case. In holding that when the State proves that the liquor alleged to be a malt liquor is in fact a malt liquor the burden is cast upon the defendant, to show that it is not intoxicating or reasonably capable of being used

as a beverage, we have but given effect to a familiar principle of criminal law, that when the statute creates an offense in general terms, and certain exceptions arise by implication, the burden is on the defendant to show that his act falls within the exception. 1 Greenleaf on Evidence, §79; State *v.* Cloughly, 73 Iowa, 626 (25 N. W. 652).    *Judgment affirmed.    Russell, J., dissents.*

ON MOTION FOR REHEARING.

HILL, C. J., and POWELL, J.   The law is too well settled to admit of any doubt, that unless an exception to the generality of a statute appears in the enacting clause, it is not necessary for the indictment to negative the exception, and that the State makes a prima facie case by proving the offense in general terms, and that the burden of proving himself to be within exceptions raised by construction or implication, or stated in the body of the statute but not in the enacting clause, is upon the defendant. *Elkins* v. *State,* 13 *Ga.* 435; *Hester* v. *State,* 17 *Ga.* 130; *Sharpe* v. *State,* 17 *Ga.* 290; *Jordan* v. *State,* 22 *Ga.* 555; *Hicks* v. *State,* 108 *Ga.* 749; *Kitchens* v. *State,* 116 *Ga.* 847; Rex. *v.* Pemberton, 2 Burr. 1036; *Anderson* v. *State,* 2 *Ga. App.* 20, and cit.    *Rehearing denied.*