### 1931.   WARE v. THE STATE.
### 1932.   BATTLE v. THE STATE.

Scienter is not an element of the offenses created by the State prohibition law (Ga. Laws 1907, p. 81). In a prosecution for the illegal sale of malt liquor, the defendant may successfully defend by showing that the liquor he sold was not intoxicating, but not by showing merely that in good faith he thought it was not intoxicating.

Indictments for unlawful sales of liquor; from city court of Floyd county—Judge Hamilton. May 3, 1909.

Argued June 22,—Decided July 30, 1909.

*John W. & G. E. Maddox, Ennis & Shaw, M. B. Eubanks. F. W. Copeland, W. B. Mebane,* for plaintiffs in error.

*John W. Bale, solicitor-general, C. H. Porter,* contra.

POWELL, J. The plaintiffs in error were separately tried and convicted on indictments charging them with violating the general prohibition law of the State. They have filed separate writs of error; but, as the points in the two cases are practically identical, they will be considered and decided together. They were licensed "near beer" dealers, carrying on business in the city of Rome. The city authorities sent policemen to their places of business, and they bought samples of the different kinds of beer being sold there. On analysis these beers were found to contain varying quantities of alcohol, but in each case at least two samples of the beer contained more than 4 per cent. of alcohol by volume— a percentage so great that judicial cognizance can be taken of its intoxicating quality. The defendants introduced no testimony; but each made a statement that he sold the beverages in good faith, honestly believing them to be non-intoxicating, and had bought the beverages from the brewer on a guaranty that they were non-intoxicating—that they were "near beers," and not real beers. The judge charged the jury, that if the defendants sold an intoxicating beverage they would be guilty whether they knew it was intoxicating or not; that the law would charge the defendants with knowledge of the intoxicating quality of the beverage if it was intoxicating; that the defendants were bound at their peril to ascertain whether or not the beverage was intoxicating before they sold it. Exception is taken to this charge. There are other points in the record, but none of them are of sufficient importance

to justify elaboration. If the charge of the court, the substance of which has been given above, was correct, the verdict of guilty was practically demanded; otherwise, there should be a reversal.

The Supreme Court of North Carolina, in the case of State v. Powell, 141 N. C. 780 (53 S. E. 515), in what must be conceded to be a very able opinion, delivered by Mr. Justice Connor, held that under a statute similar to ours a defendant might plead, in defense to an indictment for selling an intoxicating liquor, that he sold it in good faith and without negligence, under an honest mistake of fact, believing that he was selling a non-intoxicating beverage. This case is published in 6 L. R. A. (N. S.) 477, with a voluminous and comprehensive monographic note, which so fully covers the question as to leave but little for us to do beyond deciding which of the two lines of authority we will follow. As an introduction to the main note the editor says: "The question discussed in State v. Powell, that mistake of law will not excuse a violation of law, is too well settled to need citation of authorities. In State v. Powell, however, the alleged mistake as to the character of the liquor sold was pointed out to be a mistake of fact, which was held to be a defense to the charge in that case. This is undoubtedly against the weight of authority on the general question as to the effect of mistake of fact on liability of the accused for violation of statutes, not making guilty knowledge or intent an element of the crime; but it is enough to say, for the purposes of this note, that it is against the decided weight of authority on the particular question here discussed. The prevailing rule is, that the seller must know what he is doing; that, if he sells, he sells at his peril, and that, while this may bring hardship upon some, the same is true as to the practical operation of the other rule, that ignorance of the law excuses no one; that the hardship in the one case is no greater than that in the other; that public policy, in order to secure an efficient enforcement of the law, requires an unbending rule in this respect." Supporting the propositions announced, there are numerous decisions by the Supreme Courts of Alabama, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Vermont, and Mississippi. The only decisions which are cited as being contrary to this rule are those of Texas and Ohio, and, since the Powell case, North Carolina. In Texas, prior to 1895, the Supreme Court had held that ignorance of the intoxicating

quality of the liquor was no defense; but in the case of Patrick *v.* State, 45 Tex. Cr. R. 587 (78 S. W. 947), the court held that the rule formerly prevailing there had been changed by a statute making the scienter an element of the offense.   Our statute does not make the scienter an element of the offense, and the reasoning of the majority of the American courts, which have had occasion to pass on the question, seems thoroughly satisfactory to the writer. Nothing said herein conflicts with the rule announced by us in the case of *Southern Express Co.* v. *State,* 6 *Ga. App.* 31 (64 S. E. 341), to the effect that an express company could not be held liable for delivering intoxicating liquors to a minor when there is nothing to put it on notice that the package contains intoxicating liquors.   The reason for this and the difference are pointed out in the case of State *v.* Goss, 59 Vt. 266 (9 Atl. 829, 59 Am. Rep. 706).    The express company is neither bound nor authorized to find out the contents of a package, nor is it proper ordinarily for it to examine the contents; but the seller, who under the law has a proprietorship in the beverage, can and must know whether it is an intoxicating beverage or not.

Section 31 of the Penal Code of 1895, which asserts that "a crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention or criminal negligence," seems to the writer also to be without application to the present case.   Scienter is not an element in the offense before us; nor is it an indisputable element of that intent referred to in section 31 of the Penal Code.   The defendant does not deny that he intended to sell the particular thing he did sell.   His contention is that he did not intend to violate the law; that he did not know that the particular thing he sold was intoxicating.    The code section quoted might be applicable in some rare and hardly supposable case, such as if one who had bought a package or box, say apparently of soap, at an "old hoss" sale, and had sold it "sight unseen" to another person, and it developed on inspection that it contained liquor.   But in ordinary cases, when the defendant has sold a beverage, and he seeks to defend on the ground of ignorance of its alcoholic or intoxicating quality, the code section is without applicability.   *Bradley* v. *State,* 121 *Ga.* 201 (4), 208 (48 S. E. 981).   However, the facts of the present case do not require so

broad a ruling, but limit the scope of the question actually before the court.

It is conceded that the defendants sold malt liquor. The proof showed that it was such a malt liquor as that, if drunk to excess, it would produce intoxication. Their defense is, that they did not know it was intoxicating; that they honestly believed it was not. Let us investigate this defense in the light of the law on the subject. If they had sold only "near beer," a beer incapable of producing intoxication, even though drunk to excess, the defense would have been complete, for no person of ordinary intelligence, be he lawyer or layman, who will give even a few minutes honest, unbiased investigation of and thought on the matter can seriously form or retain the notion that the General Assembly of this State, in the enactment of the prohibition statute (Laws 1907, p. 81), passed or intended to pass a law against the sale of such alcoholic liquids as are incapable of being used as beverages, or of such liquids as are, even when drunk to excess, incapable of producing intoxication. Strictly non-intoxicating liquors or beverages were not within the legislative mind at the time of the passage of this law, and certain expressions in the act itself make this perfectly clear, if it were not otherwise so. For example, in lines 14 and 15 of the first section of the act, the expression "intoxicating liquors" is used in such a relation as to show that it was considered as the verbal equivalent, or the full synonym, so to speak, of all the previous words describing the forbidden liquors. The general expression "alcoholic, spirituous, malt, or intoxicating liquors, or intoxicating bitters, or other drinks which if drunk to excess will produce intoxication," found in the enacting clause of the general prohibition law, had been used previously, either verbatim or in substance, in the local option law and in a number of local prohibition acts.

Uniformly, under all these laws, the Supreme Court and this court in numerous decisions had been holding that the test in each case was: "Is the liquor capable of being used as a beverage, and, if drunk to excess, will it intoxicate?" See *Snider* v. *State*, 81 *Ga.* 757 (7 S. E. 631, 12 Am. St. R. 350); *Bell* v. *State*, 91 *Ga.* 227 (18 S. E. 288); *Chapman* v. *State*, 100 *Ga.* 311 (27 S. E. 789); *Colwell* v. *State*, 112 *Ga.* 75 (37 S. E. 129); *Hall* v. *State*, 122 *Ga.* 142 (50 S. E. 59); *Bradley* v. *State*, 121 *Ga.* 201

(48 S. E. 981) ; *Mason* v. *State,* 1 *Ga. App.* 534 (58 S. E. 139).
In *Bell* v. *State,* 91 *Ga.* 227 (18 S. E. 288), the Supreme Court
had held that the two expressions, "alcoholic, spirituous, or malt
liquors or intoxicating bitters," and "intoxicating liquors," were
equivalent in meaning.    In *Snider* v. *State,* 81 *Ga.* 757 (7 S. E.
631), the Supreme Court had said:   "If there is a new drink, or
a beverage not so well known [as alcohol, whisky, or brandy are],
such as 'argaric,' 'rice beer,' and other drinks common under
prohibition laws, proof that it is an intoxicating liquor would be
necessary."    Not only in this State, but in practically every State
in the American Union having local option or other prohibition
laws, this and similar language has received this same construc-
tion.    This judicial unanimity has been brought about largely, no
doubt, by an apprehension on the part of the judges in the various
States that, if a contrary construction were adopted, the United
States Supreme Court would hold the acts to be unconstitutional,
on the theory that the police power of the States does not extend so
far as to permit them to prohibit the sale of non-intoxicating
beverages under the guise of temperance measures.

   To hold that the General Assembly, in passing the prohibition
law, used this language of such well-settled construction, without
intending to include only intoxicating liquors within the purview
of the act, would be to charge that honorable body with nothing
less than abject stupidity and utter ignorance of the simplest rules
of judicial construction.   It would be to charge them, further, with
deliberately enacting, upon so important a question, a statute of
doubtful constitutionality.    The truth is that the legislature, in
passing the State prohibition law, did not have in mind the new
thing, so troublesome to the legislature and the courts alike, "near
beer," any more than did this court when it rendered the decision
in the *Roberts* case, 4 *Ga. App.* 207 (60 S. E. 1082),—the case so
frequently referred to as being responsible for the appearance of
"near beer" in this State, though in fact and in truth that case
was on a different subject entirely, and is not responsible for any
such effect.    In the case of *Carroll* v. *Wright,* 131 *Ga.* 729 (8), (63
S. E. 261), the Supreme Court held that the words "malt liquors"
had reference to and included only intoxicating malt liquors.    Be
that as it may, there is no room for honest doubt upon the propo-
sition that one who, though he has sold a malt liquor, has not sold

an intoxicating malt liquor, is not guilty of violating the prohibition law. However, as this court pointed out in the *Stoner* case, *5 Ga. App.* 716 (63 S. E. 602), by another well-settled rule the language of the act is such as to throw the burden on the defendant to show that the liquor is not intoxicating if the State shows that it is a malt liquor. The defendant does not successfully carry this burden by showing that he bona fide believed that the malt liquor he was selling was not intoxicating. If he attempts to justify the apparent violation of the law (and whenever a sale of malt liquor appears a prima facie violation is shown) by proof that he was within the implied exception, he must justify fully, and not partially. If he sells malt liquor at all, he does so at his peril. Presumptively he has violated the law; and the burden on him is to show, not merely that he did not intend to violate the law, but that he did not violate it. When he tries to crawl through the loophole, he must be able to put through the aperture, not only his mind, but also his body.

*Judgment affirmed.    Russell, J., concurs specially.*