### 2173. HALL v. THE STATE.

1. Evidence that a defendant has sold to a number of persons a non-intoxicating liquid does not disprove that he has sold to others (positively testifying to the fact) liquids that do intoxicate.
2. The charge of the court was not subject to exception upon the ground that the jury were not instructed that the defendant could not be convicted of selling intoxicating liquors if they believed that there was no intention upon the part of the defendant to sell such liquors.
3. The trial judge, having once presented to the jury fully, fairly, and clearly a principle of law pertinent to the case, is not required thereafter to repeat and reiterate these instructions. And especially is this true

where no antithesis is presented which requires explanation, or where the principle presented does not qualify or is not qualified by the particular facts of the case.

Accusation of sale of liquor; from city court of Elberton—Judge Tutt.   September 10, 1909.

Argued October 25,—Decided December 10, 1909.

*Joseph N. Worley,* for plaintiff in error.

*Samuel L. Olive,* solicitor, contra.

RUSSELL, J.   The plaintiff in error was indicted and convicted of a violation of the State prohibition law of 1907 (Acts 1907, p. 81), and excepts to the judgment of the lower court overruling his motion for a new trial.   The bill of exceptions challenges the verdict of guilty, upon the ground that it is not supported by the evidence, and assigns as error certain instructions of the judge to the jury, as well as his refusal to charge as requested.

1.   So far as the evidence is concerned, the witnesses for the State testified that they bought of the defendant a liquor which, whatever may be the name by which it was denominated, produced intoxication.   For that reason it can not be maintained that the conviction was not authorized by the evidence, although numerous witnesses in behalf of the defendant testified that they also bought from him a liquid which did not intoxicate.   It is palpably plain that to one customer he may sell the intoxicating liquor, while to another he may sell a "soft" drink which will not intoxicate.

2.   The exceptions to the charge of the court as given, and to the refusal to charge as requested, relate to the same point,—the insistence that there can be no crime unless there be intention to commit a crime, or criminal negligence; and the plaintiff in error insists that there is no evidence of either in this case.   So far as the writer is concerned, he is fully convinced that the prohibition law does not furnish any exception to the general rule that a crime consists in the union or joint operation of act and intention, and that in a case in which it plainly appears that there was no intention on the part of the defendant to sell intoxicating liquor, the jury should return a verdict of not guilty.   The majority of the court, however, take a different view, as expressed in the opinion in *Ware* v. *State,* 6 *Ga. App.* 578 (65 S. E. 333), in which it is also held that if a person sells intoxicating liquor he will be adjudged to be guilty, whether he intended to sell such liquor or not.   How-

ever, judged by either view of the law upon this subject, the judge
did not err in the present case.    He charged the jury fully and
correctly upon the subject of intention, according to the views of
the writer; and certainly, under the views entertained by the ma-
jority and expressed in the *Ware* case, supra, he could have no
cause for complaint.    The judge charged the jury: "If you believe,
from the evidence, that the defendant made a sale of some kind of
drink or beverage, as set out and charged in the indictment, and if
you further believe, from the evidence, that such drink or beverage,
by whatever name it may have been called, was a beverage which, if
drunk to excess, would produce intoxication, and if you further be-
lieve that the ·defendant made such sale with the intent to violate
the law, then you would be authorized to find the defendant guilty.
But on the other hand, if you believe that no sale was made as
charged in the indictment, or if you believe that the sale charged
in the indictment was made, but that the drink sold as charged was
not a drink or beverage that if drunk to excess would produce in-
toxication, or if it appears that there was no intent to violate the
law, then the defendant would not be guilty, and you should so
find."    "A crime or misdemeanor shall consist in a violation of a
public law, in the commission of which there shall be a union or a
joint operation of act and intention, or criminal negligence.    In-
tention will be manifested ·by the circumstances connected with the
perpetration ·of the offense and the sound mind and discretion of
the accused."    "I charge you that every person is presumed to in-
tend the necessary and natural consequences of his acts, and the law
presumes every act, which is in itself unlawful, was criminally in-
tended until the contrary appears.    The question of intent is one
for the jury under all the evidence in the case."    "If you believe
the defendant actually sold an intoxicating beverage, and that he
did not intend to sell an intoxicating beverage, and that he sold
the beverage in question honestly believing ·it would not intoxicate,
then you should acquit the defendant, notwithstanding you might
believe the beverage sold did actually intoxicate the witnesses testi-
fying to the fact of its having intoxicated.    In this case you would
have to believe beyond a reasonable doubt that the defendant sold
the article named in the indictment, and that he knew or ought to
have known that the article sold was an article prohibited by the
law, before you could convict him.    It is not enough to believe that

the article named did actually intoxicate, but you must go further and believe from the proof that the defendant knew or ought to have known that it was intoxicating."

3. There is no merit in the contention that the court, in closing his charge with the following general summing up, confined the jury to finding the mere fact that the defendant had or had not sold an intoxicating beverage as charged in the indictment, so as to exclude from the jury the theory that the sale, if a sale of intoxicating liquor was made, was made without any intention to sell intoxicating liquor. The language of which complaint is made, and which was used by the judge toward the close of the charge, was as follows: "If, under the rules of law given in charge, you believe beyond a reasonable doubt that every material allegation of the indictment has been established, and that the defendant did, in the county of Elbert, on the day named in the indictment, or on any other day within two years previous to the date thereof, commit the offense charged therein, then you would be authorized to find the defendant guilty." The court had already, as shown by the extract above, fully and fairly presented to the jury the defendant's contention that he should be acquitted if the jury believed that the intoxicating liquor was sold by him without any intention to sell such intoxicating liquor. He was not required to repeat this instruction and reiterate it, in disregard of the presumption that the jurors were men of average intelligence. The jury would readily understand that when the judge referred to rules of law already given in charge, and stated to the jury that if, under those rules, they believed that every material allegation in the indictment had been established beyond a reasonable doubt, he was really submitting to them the question as to whether the defendant had an intent to sell an intoxicating liquor, in any of the sales which had been referred to. No matter whether the view that an act which has been declared to be unlawful shall be presumed to be unlawfully done until the accused shall satisfactorily rebut the presumption, or whether the view that no one shall be held responsible for that which he does by mischance or misadventure prevails, there was in neither case any error harmful to the defendant in the court below.

*Judgment affirmed.*