### 3828.   SMEDLEY *v.* THE STATE.

The evidence fully authorized the conviction of the defendant, and there was no error in refusing a new trial. Alcohol can not lawfully be sold by a druggist for the purpose of being used as a beverage.

DECIDED MAY 7, 1912.

Accusation of sale of liquor; from city court of LaGrange— Judge Harwell. October 7, 1911.

*M. U. Mooty, M. F. McLendon,* for plaintiff in error.

*Henry Reeves, solicitor,* contra.

RUSSELL, J. The plaintiff in error excepts to the judgment overruling his motion for new trial. His contention here is that it is not unlawful for a licensed druggist to sell alcohol, and that § 426 of the Penal Code (1910), so far from prohibiting the sale

of alcohol, permits it to be sold, and that the only liquors prohibited under the prohibition law are such as can be reasonably used as a beverage. The evidence shows that the accused was interested in a drug-store in Troup county, and that on different days and to a number of persons he sold grain alcohol. Some of it he diluted with water, and some was sold by the drink, to persons who drank it in the drug-store. According to one witness he sold a drink which he called a "cocktail." Even if the defendant was not guilty of a violation of the prohibition law unless the intoxicant he sold was capable of being used as a beverage, still, under the evidence in the record, he would be clearly guilty. And again, under the evidence, the defendant was guilty because there was no evidence that the alcohol was sold upon that formal written prescription of a regular practicing physician required by § 426 of the Penal Code (1910) ; and when it was shown that he had sold alcohol, the burden was upon him to show this. Furthermore, under the provisions of § 428 of the Penal Code (1910), it would have been unlawful for Smedley to fill any prescription given by his partner in business, who was a practicing physician, or to fill any prescription for alcohol more than one day after its date.

The main points presented in this case are fully controlled by the ruling of the Supreme Court in *Snider* v. *State*, 81 *Ga.* 753 (7 S. E. 631, 12 Am. St. Rep. 350). According to the evidence in this record, the defendant sold alcohol (in fact, in his statement, he admitted it) ; and though, by the provisions of § 433 of the Penal Code (1910), it devolved upon him to show that the sale was of pure alcohol, under a prescription, such as is required in § 426, there was no competent evidence to this effect. There was testimony to the effect that there were prescriptions in some instances, but the prescriptions themselves were not introduced, nor was there testimony that they complied in form or substance with the form of prescription required in cases of the legal sale of alcohol, nor that they were filled (by the furnishing of the alcohol) the same day that the prescription was dated, or at least not later than the day thereafter. Penal Code (1910), § 427. Under the provisions of the general prohibition law, the sale of alcohol is not permitted, except under very close restrictions and rigid regulations, which, by the letter of the law, are required to be strictly complied with. The rules and restrictions imposed upon the dis-

pensing of alcohol appear to us to be a measure of wise regulation, and, as such, each requirement should be rigidly complied with. In *Roberts* v. *State*, 4 *Ga. App.* 207 (60 S. E. 1082), we held that "The true scope and meaning of the prohibition statute is to stop the use, as beverages, of all intoxicating liquors, by whatever name called or under whatever guise made." Recognizing, as we do, the distinction pointed out by counsel for the plaintiff in error between regulation and prohibition, we hold that under the prohibition law alcohol can not be sold as a beverage, and though the prohibition law does not prohibit the sale of pure alcohol, and permits its sale under the regulations which the statute imposes, still every one who attempts to sell alcohol must comply with the regulations. This the plaintiff in error did not do.

*Judgment affirmed. Pottle, J:, not presiding.*