854.

## 23903. BRUCE *v.* THE STATE.

GUERRY, J. 1. The evidence demanded the finding of the jury that the defendant was guilty of having in his possession, custody, and control prohibited beverages, to wit: "beer, malt beer, and lager beer, beverages containing more than one half of one per cent. alcohol by volume at sixty degrees Fahrenheit," etc.

2. The court did not err in failing to give to the jury a written charge requested by the defendant, to the effect that if the defendant possessed beer as charged, but was ignorant of its alcoholic content, he could not be found guilty. The evidence disclosed that the defendant was seen behind the counter in a store selling beer, and that he had refused to stop such sales after notice. See *Ware* v. *State*, 6 *Ga. App.* 578 (65 S. E. 333).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED MARCH 29, 1934.

*E. T. Moon,* for plaintiff in error.
*L. L. Meadors, solicitor,* contra.

## 23928. ARCHER *v.* THE STATE.

GUERRY, J. "If any father shall willfully and voluntarily abandon his child, leaving it in a dependent condition, he shall be guilty of a misdemeanor. The wife shall be a competent witness, in such cases, to testify for or against her husband. A child thus abandoned by the father shall be considered to be in a dependent condition when the father does not furnish sufficient food and clothing for the needs of the child." Penal Code, § 114; *Moore* v. *State*, 1 *Ga. App.* 502 (57 S. E. 1016). Abandonment, as a criminal offense, contains two essential ingredients: separation from the child, and failure to supply its needs. The offense is complete where there is a conjunction of these two ingredients. *Phelps* v. *State*, 10 *Ga. App.* 41 (72 S. E. 524). Therefore, where it is shown that the wife and children of the defendant left home on a short visit, and on returning found the defendant had left after selling most of the provisions in the house, and that since that time he has failed to supply the needs of his children, a verdict finding him guilty of abandonment is authorized. This is true although there was some evidence on the part of the defendant that he was suffering from Bright's disease and rheumatism and was unable to work.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED MARCH 29, 1934.

*Willis Smith,* for plaintiff in error.
*Emmett Smith, solicitor,* contra.