23641. STEWART *v.* THE STATE.

DECIDED NOVEMBER 27, 1933.

94

*J. A. Mitchell, P. H. Mitchell,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

BROYLES, C. J. The indictment charged that the accused, in Taliaferro county, State of Georgia, on the 8th day of April, 1933, "did unlawfully, while under the influence of intoxicating liquor, and while intoxicated, drive and operate a certain Model T Ford automobile, the same being a motor-driven vehicle, propelled by gasoline, upon and over a street in Crawfordville, Georgia, to wit, that portion of State highway number twelve that lies within Crawfordville, Georgia, contrary to the laws of said State." The following demurrer was interposed: "1st. Defendant demurs to said indictment upon the ground that said indictment, above named, does not set out' with sufficient particularity the place where said defendant operated said motor-vehicle, to enable this defendant to make his defense thereto. 2d. This defendant demurs to said indictment upon the ground that there is no offense under the laws of this State charged against this defendant therein, and the allegations of said indictment do not set out and charge any offense under the laws of this State against said defendant. 3. This defendant demurs to said indictment upon the ground that the allegations therein are not sufficient to charge this defendant with any violation of any offense under the laws of this State, and said indictment is wholly insufficient in law." The demurrer was overruled, and the defendant was convicted of the offense charged, and judgment was entered against him. In his bill of exceptions the plaintiff in error assigns error upon the overruling of the demurrer. He assigns error also upon the verdict and judgment, for the reason that the ruling upon the demurrer controlled the case, and, therefore, "the court erred in permitting the verdict to be rendered and the judgment to be entered."

The description in the indictment of the public road was sufficiently definite and specific to inform the accused upon what highway he was accused of operating, while intoxicated, a certain described automobile, and to enable him to prepare his defense to the charge. See, in this connection, *Mathis* v. *State,* 11 *Ga. App.* 95 (74 S. E. 713); *Culver* v. *State,* 40 *Ga. App.* 273 (149 S. E. 292).

The grounds of the demurrer alleging that the indictment failed

to set out "any offense under the laws of this State," were properly overruled. Conceding (but not deciding) that the portion of the act of 1910 (Ga. L. 1910, p. 90) embodied in section 828(i) of Park's Code was repealed by the motor-vehicle act of 1927 (Ga. L. 1927, p. 226), section 13 of the latter act makes it a criminal offense for any person while intoxicated to operate a motor-vehicle upon any public street or highway. The court properly overruled all the grounds of the demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*