### 33940. ALLEN v. THE STATE.

CARLISLE, J. 1. "Superior courts of this State have concurrent jurisdiction with all inferior courts of misdemeanors, as defined in the Code, § 24-2615. 'The superior courts have ever in our history been the great reservoir of judicial power—the *aula regis*, as it were—in which the judicial powers of the State were vested, and however other courts might be erected as a relief to it, to take cognizance of minor matters, the practice has been uniform to retain.in this tribunal concurrent, and generally, even supervisory power over them.' *Porter* v. *State,* 53 *Ga.* 236, 239; *Shute* v. *State,* 36 *Ga.* 87; *Anthony* v. *State,* 9 *Ga.* 264; *Bell* v. *State,* 41 *Ga.* 589." *Smith* v. *State,* 62 *Ga. App.* 733 (9 S. E. 2d, 714).

2. "Ga. L. Ex. Sess. 1937-38, pp. 558-562, did not take from the superior courts jurisdiction to try misdemeanor violations of traffic laws, and vest such jurisdiction in courts of ordinary or municipal courts, as the case might be, exclusively as against the superior courts; and a defendant has no right to demand that an indictment returned by a grand jury be abated because he has not first been tried in a court of ordinary [or municipal court]." *Smith* v. *State,* supra.

3. Where one is indicted by the grand jury of Taliaferro County for the offense of driving an automobile while under the influence of liquor in that county, and is tried and convicted of that offense by the superior court of that county, such conviction is not contrary to law as depriving the defendant of an alleged right to be tried for the offense by the recorder's court of the City of Crawfordville.

4. The trial court did not err in refusing to admit the evidence, complained of in special ground 1 of the motion for a new trial, bearing upon the question of the location of the city limits of Crawfordville. As the State had shown the offense to have been committed in Taliaferro County, it was immaterial whether the actual point at which it was committed was within or without the city limits of a city in that county.

5. Nor did the trial court err, as complained of in special grounds 3, 4, and 5, in failing to instruct the jury on the right of the defendant to be tried by the recorder's court of the City of Crawfordville if the offense was committed within the limits of that city, or in failing to charge the jury on the defendant's alleged right to choose in which court he should be tried if the offense was there committed.

6. The trial took place in Taliaferro County, and the venue was sufficiently established by the arresting officer, who testified: "At the time I arrested him [the defendant] he was driving the automobile over that portion of the public road known as State Highway No. 12, that lies in this county between Crawfordville and the Greene County line." See, in this connection, the cases collected in *Witcher* v. *State*, 85 *Ga. App.* 289 (69 S. E. 2d, 203).

The trial court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

Decided April 8, 1952.

*Osgood O. Williams*, for plaintiff in error.
*J. Cecil Davis, Solicitor-General*, contra.

