### 37211. HOOKS *v.* THE STATE.

CARLISLE, Judge. While, in order to secure a conviction of one charged with the offense of operating a motor vehicle on the highways of this State under the influence of intoxicants or drugs, it is incumbent upon the prosecution to show that the defendant was under the influence to such an extent that it made it less safe for him to operate the automobile (*Harper v. State,* 91 *Ga. App.* 456 (2), 86 S. E. 2d 7), this is a rule of evidence and not a rule of pleading. Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the Code or so plainly that the nature of the offense charged may easily be understood by the jury and by the defendant. Code § 27-701. "An indictment for a purely statutory offense is sufficient which describes the offense in the language of the statute." *Stoner v. State,* 5 *Ga. App.* 716 (1) (63 S. E. 602). *DeWitt v. State,* 27 *Ga. App.* 644, 646 (109 S. E. 681). The indictment in this case charged the defendant with the offense of operating a motor vehicle under the influence of intoxicating liquor in the following language: "For that the said Marie Hooks on the 13th day of April in the year 1958 in the county aforesaid did then and there unlawfully and with force and arms drive and operate a certain Pontiac automobile, the same being a motor vehicle upon that certain public road and highway known as U. S. Route No. 319 while under the influence of alcoholic spirituous and intoxicating liquors and drugs contrary to the laws of said State, the good order, peace and dignity thereof" sufficiently charged the defendant with the offense named therein and said indictment was not subject to the ground of demurrer attacking it because it failed to allege that the defendant's driving was affected in any manner by the use of such intoxicating liquors and drugs, and because it failed to allege that her intoxication made it less safe for her to operate

the motor vehicle at the time and place. The crime charged in the indictment was substantially in the language of Code (Ann.) § 68-1625 (a), and was not subject to demurrer on any of the grounds interposed. *Stewart* v. *State*, 48 *Ga. App.* 93 (171 S. E. 833).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 15, 1958.

*McDonald & McDonald, J. C. McDonald*, for plaintiff in error. *Harvey L. Jay, Solicitor-General*, contra.