22722.   COOK v. THE STATE.

SUBMITTED NOVEMBER 9, 1964—DECIDED NOVEMBER 19, 1964.

*Marion W. Corbitt,* for plaintiff in error.

*Jere F. White, Solicitor General,* contra.

HEAD, Presiding Justice. Alvin Bobby Cook was accused in the Superior Court of Bartow County "with the offense of misdemeanor for that the said accused on the 20 day of Dec. 1963 in the County aforesaid, with force and arms, did unlawfully then and there while under the influence of intoxicating beers, wines, liquors and opiates did unlawfully operate a motor vehicle in said County contrary to the laws of this state and good order, peace and dignity thereof." The accused filed a demurrer to the accusation on a number of grounds. This demurrer was overruled, and the exception is to this judgment.

■ Section 22 of Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 564 (*Code Ann.* § 68-1601) provides: "The provisions of Articles IV and V shall apply upon highways and elsewhere throughout the State." Section 47 (a) under Article V (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 575; *Code Ann.* § 68-1625 (a)) is as follows: "It is unlawful and punishable as provided in Subdivision (d) [*Code Ann.* § 68-9927] of this section for any person who is under the influence of intoxicating liquor to operate or drive any vehicle." It is contended in the demurrer to the accusation that by these sections it is made a crime for a person who is under the influence of intoxicating liquor to operate or drive a vehicle on private property, and that this offends the due process clauses of the State and Federal Constitutions.

Under the former law (Code of 1933, § 68-307) the crime of operating a motor vehicle under the influence of an intoxicating liquor could be committed only upon a public street or highway. Clearly it was the intention of the General Assembly by the 1953 Act to make it a crime for a person under the influence of an intoxicant to operate a vehicle anywhere in the State. *Jordan v. State*, 212 Ga. 337, 339 (92 SE2d 528).

The present widespread use of motor vehicles, and the use of extensive private property for shopping centers and other purposes, with intricate mazes of roadways and driveways, indicate the need for protection to the public from drivers under the influence of intoxicants on places other than public streets and highways. Ordinarily there is no immunity from prosecution for crime because the act was committed on private property, even the private property of the accused. A person has the free-

dom to use his own property as he pleases only so long as he does not thereby endanger the rights of others. It is not an unreasonable restriction upon the right and use of private property, in violation of the due process clauses of the State and Federal Constitutions, to make it unlawful for a person under the influence of intoxicating liquor to operate or drive a vehicle anywhere in the State.

■ It is asserted that the allegations charging the accused with unlawfully operating his vehicle under the influence of named intoxicants are too broad, vague, and indefinite to be capable of enforcement, and that these allegations do not provide any standard of measurement or judgment whereby the jury may determine the guilt or innocence of the accused. It is contended that the term in the statute "under the influence of intoxicating liquor" is so broad, general, vague, and indefinite that reasonable minds may differ as to its interpretation, and the accused is denied equal protection of the laws and due process of law in defending such a charge.

Counsel for the accused has not cited any case decided by this court wherein this question has been decided. The case cited is not in point on its facts with the present case. The Court of Appeals, as a rule of evidence, has held that a person is under the influence of intoxicating liquor when it appears that it is less safe for such person to operate a motor vehicle than it would be if he were not so affected. *Harper v. State,* 91 Ga. App. 456 (2) (86 SE2d 7); *Sims v. State,* 92 Ga. App. 169 (88 SE2d 186); *Turner v. State,* 95 Ga. App. 157 (97 SE2d 348); *Bartley v. State,* 95 Ga. App. 422 (98 SE2d 110); *Hardrick v. State,* 96 Ga. App. 670 (2) (101 SE2d 99); *Flanders v. State,* 97 Ga. App. 779 (104 SE2d 538); *Hooks v. State,* 97 Ga. App. 897 (104 SE2d 623).

In State v. Hightower, 238 La. 876, 882 (116 S2d 699), it was stated: "Statutes making it a criminal offense to operate or drive a motor vehicle 'while intoxicated,' 'while in an intoxicated condition' or 'under the influence of intoxicating liquor' have been adopted in practically all jurisdictions and have been generally recognized as a valid exercise of the state's police power to regulate the use and operation of motor vehicles and to safe-

guard the people from injury or death caused by drivers who operate their cars while under the influence of intoxicating liquor or narcotic drugs. In all jurisdictions where the constitutionality of such statutes has ever been challenged because of indefiniteness or lack of intelligibility, the courts have upheld them, reasoning that the terms 'while under the influence of intoxicating liquor' or 'while in an intoxicated condition' are commonly used terms with a well-recognized meaning." See also Weston v. State, 49 Ariz. 183 (65 P2d 652); State ex rel. Sellers v. Parker, 87 Fla. 181 (100 S 260); State v. Graham, 176 Minn. 164 (222 NW 909); 7 Am. Jur. 2d 809, Automobiles, § 257.

Counsel for the accused points out the seriousness of the results of the conviction of driving under the influence of an intoxicant, that is, loss of driving privileges and consequent loss of means of livelihood to numbers of people who must operate an automobile in order to retain their jobs, and difficulty in obtaining needed insurance protection. We concur that these are serious consequences, but they may be avoided merely by refraining from drinking an intoxicant prior to operating a vehicle. Frequently the innocent victims of intoxicated drivers can not avoid the collisions which cause them to lose their lives or suffer injuries to their persons and properties.

The statute making it unlawful to operate or drive a vehicle "under the influence of intoxicating liquor" is not unconstitutional and void because of indefiniteness.

■ The accused moved to strike that part of the accusation charging him with operating a vehicle under the influence of "intoxicating beers and wines," asserting that beer and wine do not come under the terms of the statute making it unlawful to operate a vehicle under the influence of "intoxicating liquor."

Black's Law Dictionary, 3d Ed., p. 1004, defines "intoxicating liquor" as: "Any liquor used as a beverage, and which, when so used in sufficient quantities, ordinarily or commonly produces entire or partial intoxication; any liquor intended for use as a beverage or capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation, in such proportion that it will produce intoxication when imbibed in such quantities as may practically be drunk."

It is pointed out by counsel for the accused that the Act of 1935 legalizing the sale of malt beverages (Ga. L. 1935, pp. 73-81; *Code Ann. Ch.* 58-7), excluded beer from the term "prohibited liquors and beverages" in *Code Ann.* § 58-101, and it is argued that "beer" is thus removed from the term "intoxicating liquor" when used in the statute here under consideration. At the time the Act legalizing the sale of malt beverages was passed it was unlawful to sell any alcoholic beverage. The modification of the laws of the State to remove malt beverages (which includes beer) from *prohibited* alcoholic beverages did not have the effect of declaring beer not to be an intoxicating liquor.

The accusation in the present case charged the accused with operating a motor vehicle while under the influence of "intoxicating beers, wines, etc." Such alcoholic beverages are included in the term "intoxicating liquor" as used in the statute under which the accusation is brought. See *Snider v. State*, 81 Ga. 753 (7 SE 631); *Capitol Distributing Co. v. Redwine*, 206 Ga. 477, 489 (57 SE2d 578); *Mason v. State*, 1 Ga. App. 534 (5) (58 SE 139).

*Judgment affirmed. All the Justices concur.*