73500. THE STATE v. JORGENSEN.
(353 SE2d 9)

CARLEY, Judge.

Appellee was tried before a jury for the offense of D.U.I. During a lunch recess, appellee attempted to befriend a juror. The juror informed the trial court of appellee's efforts. However, the trial court took no immediate action, proposing instead to address the matter only "after the [jury] deliberations [were] over. . . ." The trial court stated that its post-trial inquiry would "includ[e] the right to on [its] own motion declare a mistrial." The jury returned a verdict finding appellee not guilty.

Thereafter, the trial court conducted a hearing on the issue of appellee's alleged jury tampering. After the hearing, an order was en-

tered which, "as a result of [appellee's] improper conduct," purported to declare a mistrial as to the prior proceedings and to require that appellee be retried. Appellee subsequently filed a plea of former jeopardy, which was sustained by another judge of the trial court. In the instant case, the State appeals from the order sustaining appellee's plea of former jeopardy and granting his motion to dismiss the charges against him so as to preclude his retrial for D.U.I.

The State relies upon *State v. Abdi*, 162 Ga. App. 20 (288 SE2d 772) (1982), aff'd *Abdi v. State*, 249 Ga. 827 (294 SE2d 506) (1982) for the proposition that there is no violation of a defendant's double jeopardy rights where it is his own misconduct that results in the declaration of a mistrial. *Abdi v. State*, supra, states a valid general principle of law. However, that principle is simply not applicable here. Unlike *Abdi v. State*, supra, the trial court in the instant case purported to grant a mistrial only after the jury had returned its verdict. Another equally valid legal principle provides that "[e]very fact which is ground for mistrial must be taken advantage of *before a verdict is rendered*. . . . [Cits.]" (Emphasis supplied.) *Hatcher v. State*, 176 Ga. 454, 460 (168 SE 278) (1932). A trial court can "not grant a mistrial after verdict. . . ." *Bowen v. State*, 144 Ga. App. 329, 336 (241 SE2d 431) (1977) (On Motion for Rehearing). Moreover, when a defendant "has been acquitted, he can not lawfully be again tried for the same offense. . . ." *Ezzard v. State*, 11 Ga. App. 30, 32 (3) (74 SE 551) (1912). It necessarily follows that appellee cannot lawfully be retried for the same D.U.I. offense, the trial court having no authority to grant a mistrial as to proceedings that have previously terminated in a jury verdict of acquittal as to that offense. Appellee's plea of former jeopardy was properly sustained.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 9, 1987.

*James L. Webb, Solicitor, Norman R. Miller, Assistant Solicitor,* for appellant.
*John Kirby,* for appellee.