## 76571. THE STATE v. BISHOP.
(374 SE2d 808)

BENHAM, Judge.

This appeal is from the trial court's grant of a motion to suppress evidence against appellee, who was arrested for possessing alcohol while under age. OCGA § 3-3-23. The State argues that the evidence was not obtained in violation of appellee's rights. The evidence produced at the hearing on the motion was as follows: Appellee was a passenger in a vehicle that was stopped by a police officer for a mal-

functioning rear light. After a brief investigation, the driver was arrested for D.U.I. While he was out of the range of appellee's hearing, the driver asked the officer if appellee could be allowed to drive the vehicle away from the scene, rather than have it towed away. The officer, in an attempt to comply with the driver's request, returned to the vehicle and asked appellee to get out. Appellee got out of the vehicle at the officer's behest, and they conversed, at which time the officer smelled alcohol on appellee's breath. Appellee was unaware that the driver wanted him to drive the car, and he had not made any attempt to do so. Without telling appellee about his rights regarding self-incrimination, the officer gave him an alcosensor test, which showed that he had ingested alcohol. The officer then asked him to produce his driver's license, which showed that he was under 21 years old, the legal age for consuming alcoholic beverages. He was arrested on that basis, and subsequently filed a motion to suppress all evidence obtained by the officer on the grounds that there was no probable cause for the arrest and that he was required to incriminate himself through the testing and the showing of the license.

Based on the evidence, the trial court was authorized to find that the officer's primary purpose for administering the test was to determine whether or not appellee was in a suitable condition to drive the vehicle from the scene; that the officer approached appellee only in an attempt to comply with the driver's request that appellee drive the car rather than having to pay to have it towed; but that appellee was not required to submit to the officer's investigatory attempts, since the driver's request had not been conveyed to appellee, nor had appellee indicated any desire to drive or otherwise take control of the vehicle. An officer must have a reasonable and articulable suspicion that a person is involved in criminal activity to justify seizing that person for a brief period of time without probable cause to make an arrest. *State v. Noble*, 179 Ga. App. 785 (347 SE2d 722) (1986). While it would have been proper, had appellee indicated he was going to drive the vehicle, for the officer to administer the test and check appellee's driver's license to ensure that he was a licensed driver and would not be driving under the influence of alcohol, the officer was not within his right to do so in this case, due to the absence of appellee's expression of desire or consent to assume control of the vehicle as its driver. There was no proper reason for the administration of a field sobriety test or an examination of appellee's driver's license. In the absence of the necessary reasons for the investigative detention, the officer's administration of the alcosensor test, his request for appellee's driver's license after he registered a .06 reading on the test, and his subsequent arrest of appellee violated appellee's Fourth Amendment rights. The trial court acted correctly in granting appellee's motion to suppress, for the fruits of an illegal arrest are not ad-

missible in evidence in a criminal trial. *Adams v. State*, 153 Ga. App. 41 (264 SE2d 532) (1980). The evidence supports the trial court's judgment, and so we affirm it.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 21, 1988.

*Ken Stula, Solicitor, Dean C. Broome, Jr., Assistant Solicitor,* for appellant.

*Howard T. Scott, Bradley S. Wolff,* for appellee.