## 76536. JOHNCOX v. THE STATE.
### (375 SE2d 139)

BEASLEY, Judge.

Johncox appeals his convictions for child molestation, OCGA § 16-6-4 (a), and aggravated child molestation, OCGA § 16-6-4 (c), for two acts committed upon his nine-year-old adopted daughter, his wife's child. He was found guilty but mentally ill.

1. In his first enumeration, defendant argues that the two offenses, alleged to have occurred on the same day, merged. OCGA § 16-1-7 (a). This issue, however, was not presented below and no objection was made to the sentences imposed. Thus, there is nothing for us to review. *Hill v. State*, 183 Ga. App. 654, 657 (4) (360 SE2d 4) (1987). The victim testified, however, that the defendant both "tried to put his private into mine" (count 1) and "made me put his private into my mouth" and it went into her mouth (count 2).

To the extent that defendant's argument is addressed to venue, this was not enumerated as error and need not be considered. OCGA § 5-6-40; *Meeks v. State*, 178 Ga. App. 9, 14 (4) (341 SE2d 880) (1986). Moreover, evidence as to venue was sufficient. The victim stated that the two charged acts occurred at the house in Lithonia, DeKalb County. *Lumpkin v. State*, 182 Ga. App. 505 (1) (356 SE2d 238) (1987); *Jackson v. State*, 177 Ga. App. 718 (341 SE2d 274) (1986).

2. Defendant filed a plea of insanity to the charges, OCGA § 16-2-3, as well as a plea of mental incompetency to stand trial. OCGA § 17-7-130. After initially being found incompetent, he was treated and later released for trial. OCGA § 17-7-130 (e).

Defendant reserved his objections to the court's charge and here complains of the giving of the "presumption of sanity" charge, OCGA § 16-2-3. He argues that giving this charge in light of USCR 31.4's requirement that defendant give notice of the defense uconstitutionally shifts the burden of proof.

USCR 31.4 provides that if a defendant intends to raise the defense of insanity or mental incompetency to stand trial, he must do so in writing and serve the prosecutor. Failure to do so precludes the defense. *Chapman v. State*, 258 Ga. 214, 217 (3 f) (367 SE2d 541) (1988).

Since the enactment of the rule, both the Supreme Court and this court have reaffirmed the presumption of sanity and implicitly rejected defendant's argument. *Harris v. State*, 256 Ga. 350, 354 (6) (349 SE2d 374) (1986); *Thompson v. State*, 178 Ga. App. 723 (1) (344 SE2d 696) (1986). The procedural requirement of pretrial notice to the State of a defense which would generally require expert opinion to rebut has no effect on the burden of proof. The State must still prove criminal intent, but the notice does not add a new burden, that the

State must prove sanity without the aid of the "presumption" of sanity, in its case-in-chief. It is merely entitled to prior notice that it will have to present evidence in rebuttal to overcome defendant's evidence of insanity.

Even when, as here, an accused has initially been found incompetent to stand trial, upon his being administratively released for trial, the rebuttable presumption of sanity applies. *Newman v. State*, 258 Ga. 428, 429 (1) (369 SE2d 902) (1988); *Hodges v. State*, 257 Ga. 818, 820 (2) (364 SE2d 275) (1988).

There was no error.

3. Defendant contends that the evidence of sanity was insufficient to support the verdict. Defendant, a Vietnam veteran, had been hospitalized in 1985 and early 1986 and diagnosed as suffering from post-traumatic stress disorder and bi-polar disorder, i.e., being a manic depressive. One of the experts testified that the manic state would have prevented defendant from realizing that what he was doing was wrong.

"Insanity is an affirmative defense which the defendant must prove by a preponderance of the evidence. *Brown v. State*, 250 Ga. 66 (295 SE2d 727) (1982). '(B)ecause jurors are not bound by the opinions on sanity of either lay or expert witnesses, the jury may reject defense testimony on insanity even if uncontradicted; the presumption of sanity does not disappear upon the introduction of evidence to the contrary and may be relied upon by the jury even after the introduction of evidence of insanity.' Id. at 71." *Murray v. State*, 253 Ga. 90, 91 (317 SE2d 193) (1984); *Harris*, supra at 355.

The evidence here did not demand a finding that the defendant was legally insane at the time of the crime. There was evidence that defendant worked regularly driving a tractor/trailer on long trips, managed the tasks of everyday life without trouble, and, according to the victim, threatened to beat her if she told about the incidents.

4. Defendant also contends that the giving of the "presumption of truthfulness" charge, disapproved of in *Noggle v. State*, 256 Ga. 383, 386 (4) (349 SE2d 175) (1986), was error in that it was burden shifting.

Although the challenged charge should no longer be given, it is not unconstitutionally burden shifting. *Preston v. State*, 257 Ga. 42, 45 (8) (354 SE2d 135) (1987); *Mincey v. State*, 257 Ga. 500, 506 (9) (360 SE2d 578) (1987); *Noggle*, supra.

5. Two other incidents of molestation were testified to by the victim. Defendant contends error in their admission due to the State's failure to give the notice required by USCR 31.3. The lack of an objection below precludes review. *Smith v. State*, 186 Ga. App. 303, 311 (5) (367 SE2d 573) (1988).

6. The evidence, both as to the charged crimes and as to defend-

ant's capacity to commit them, is sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED NOVEMBER 7, 1988.

*William T. Hudson, Jr.*, for appellant.

*Robert E. Wilson*, District Attorney, *J. Thomas Morgan III, Eleni A. Pryles*, Assistant District Attorneys, for appellee.