A89A1079. HARBIN v. THE STATE.
(387 SE2d 367)

BEASLEY, Judge.
Defendant was charged with driving with .12 percent by weight of alcohol in his blood, OCGA § 40-6-391 (a) (4), and improper use of habitual violator driving permit, OCGA § 40-5-58 (e) (6) (A). The court directed a verdict on the latter, and the jury convicted defendant of the former.

1. Defense counsel has concluded his arguments as to each enumeration of error by stating the trial court's action violated defendant's rights under certain designated sections of the United States and Georgia Constitutions. It behooves counsel appearing before this court to recognize that rote repetition of constitutional provisions is totally ineffective in raising a constitutional issue for this court's determination. See *Taylor v. State*, 177 Ga. App. 624, 628 (3) (340 SE2d

263) (1986), where we pointed out that "merely intoning" a citation to a constitutional provision fails to provide a basis for our examination of the right purportedly deemed to have been violated. Accord *Leeks v. State*, 188 Ga. App. 625, 626 (2) (373 SE2d 777) (1988).

A constitutional issue cannot be considered when asserted for the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there. *Moore v. State*, 148 Ga. App. 14 (251 SE2d 17) (1978). Contentions regarding a constitutional issue which were not made below are thus not passed upon here.

2. The court did not err in refusing to grant a mistrial based on the prosecutor's restatement of the witness' objected-to testimony.

In narrating the sequence of events, the officer was explaining why he charged defendant with improper use of his probationary license, which was for business purposes only. He said: "When you're out riding around at 12:30 in the morning under the influence —" and defendant objected, stating in effect that it was an unwarranted conclusion because people work at all hours. In response to the court's request for clarification of the objection, counsel restated the witness' testimony but in paraphrasing it, omitted reference to "under the influence." The prosecutor pointed out that counsel had omitted this and referred to it as "drunk," whereupon the latter objected and moved for a mistrial without stating grounds. It was denied.

A proper motion for mistrial requires the grounds to be stated. *Wynne v. State*, 139 Ga. App. 355, 358 (4) (228 SE2d 378) (1976). Without such, denial is not error. *Whatley v. State*, 165 Ga. App. 13 (2) (299 SE2d 87) (1983).

On appeal, the ground asserted is a violation of OCGA § 17-8-75. However, the prosecutor did not make a statement of prejudicial matter not in evidence, which is strongly prohibited by that statute. He merely attempted to correct defense counsel's restatement of the witness' testimony, and the approximation was not so distorted that it presented a prejudicial matter to the jury. The jury heard the original statement and could easily discern the difference in the State's approximation of it.

A mistrial was not mandated by law in these circumstances, so there was no abuse of the court's discretion which it has in such matters. *Henderson v. State*, 182 Ga. App. 513, 520 (5) (356 SE2d 241) (1987), reversed on other grounds 257 Ga. 618 (362 SE2d 346) (1987).

The brief broadens the enumeration to complain also of the witness' testimony itself. However, we do not address it as it is improperly presented. *Frink v. State*, 177 Ga. App. 604, 608 (5) (340 SE2d 631) (1986).

3. Defendant contends that the court erred in failing to allow his counsel to inspect the breath test computer program prior to trial. He cannot fault the court for not permitting an inspection when he did

not ask the court for such. He filed a written request for a copy of the computer program in the probate court, but the case was transferred to the superior court due to lack of jurisdiction. Defendant never pursued the matter and did not object to introduction of the test results, although on appeal he argues that a proper foundation was not laid because he had not been given the opportunity to inspect the program. Such inaction waived the right, if any he had, to a copy or inspection of the computer program. *Reid v. State*, 129 Ga. App. 660, 663 (2) (200 SE2d 456) (1973).

As to the motion to suppress the test results, it too was filed only in the probate court. The superior court did not err in failing to suppress this evidence because the motion was not before it for resolution. OCGA § 17-5-30 (c) provides: "The motion shall be made only before a court with jurisdiction to try the offense." Counsel was given an opportunity to obtain a ruling on any motions he wished to present, and he abandoned this one. Compare *Sapp v. State*, 184 Ga. App. 527, 530 (362 SE2d 406) (1987), where defendant filed a pretrial motion in the proper court, insisted at trial on his right to a preliminary evidentiary hearing, which the court refused, and defendant preserved the error by objecting to the ruling.

4. Defendant complains by brief that his cross-examination of the officer with respect to proper procedure for intoximeter testing was erroneously curtailed, in violation of the Fifth (federal court due process), Sixth (confrontation), and Fourteenth (State Court due process) Amendments to the United States Constitution and Sections 1 (due process) and 14 (confrontation) of Georgia's Bill of Rights. See Division 1. He does not invoke OCGA § 24-9-64. This limitation, he argues, precluded him from showing that the admissibility requirements of OCGA § 40-6-392 were not met by the State.

Counsel had asked the witness whether all intoximeter machines have a log beside them for recording the test taker's and machine operator's names. The State objected but the witness answered anyway, stating that not all of them did. In response to the State's objection, counsel explained that he was trying to establish what the approved procedure was for all machines. Since the nature of the questioning was not tailored to unearthing whether the test was "performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation," OCGA § 40-6-392 (a) (1), the court did not err in sustaining the State's objection. It was moot anyway, to a degree, because the witness answered it. Moreover, assuming that defendant was seeking to prove that proper procedure required a log beside the machine, he later established by this witness that the intoximeter used in this case had such a log.

5. The court did not err in not redacting from the accusation, before it went to the jury room, the count as to which the court

granted a directed verdict. Defendant by brief argues that this failure denied him due process as guaranteed by the Federal and State Constitutions because leaving the count on the accusation prejudiced and confused the jury. See Division 1.

Without constitutional implication, such is not the case. The jury clearly knew about count two from the course of the trial and, from the court's instructions, that it was to decide guilt or innocence only as to count one. Its understanding is borne out by its verdict. Removing count two from the face of the accusation would have accomplished little, if anything, insofar as the jury's comprehension and fair consideration of the issue before it was concerned.

For the same reason, denial of mistrial based on the evidence regarding count two having been put before the jury was also not contrary to law. The State had the right, and indeed the burden, to present evidence in support of that charge, and defendant cites no authority except constitutional due process for the proposition that the granting of a directed verdict on one count mandates a mistrial on other counts because of some spillover effect of the evidence. Prejudice in the minds of the jury cannot be assumed in these circumstances, and none is shown.

Moreover, the motion for mistrial was too late, as it was made after the verdict was returned. *State v. Jorgenson*, 181 Ga. App. 502 (353 SE2d 9) (1987).

6. Error is claimed by the court's charging the jury as to certain aspects of OCGA § 40-6-391 (a) (1), the "less safe driver" prohibition, of which defendant was not accused. It is true that the court should not have included these charges, as they were not relevant. However, defendant suffered no harm, because the court made plain that only if the jury believed beyond a reasonable doubt that defendant committed the offense as set out in count one, would it be authorized to find him guilty. Count one in clear terms set out the elements of subsection (a) (4). There is no indication that the jury was confused or misled by the superfluous charges. In this regard, this case resembles *Sapp v. State*, supra at 528 (3).

The court's failure to charge the statutory presumptions contained in OCGA § 40-6-392 was not error as the jury had no use for those presumptions, defendant having been accused only of driving with a blood alcohol weight of .12 percent or more. *Hudgins v. State*, 176 Ga. App. 719, 720 (3) (337 SE2d 378) (1985).

7. Defendant's motion for mistrial on the ground of lunchtime conversation about a chew of tobacco between the sheriff, who sat at the State's counsel table but did not testify, and a juror, was made after the verdict was returned. The lunch recess was taken after the State's evidence was presented and before the defendant announced he would present no evidence. His counsel was aware of the subject

conversation at the time it occurred. The motion was out of time. *State v. Jorgensen,* supra.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 3, 1989 —
REHEARING DENIED OCTOBER 20, 1989 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III,* for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney,* for appellee.