A89A1877. McCONNELL v. THE STATE.
(389 SE2d 388)

McMURRAY, Presiding Judge.

Defendant was charged via accusation with driving "a motor vehicle with .12% or more by weight of alcohol in the blood." See OCGA § 40-6-391 (a) (4). A motion entitled "PRELIMINARY MOTION TO SUPPRESS AND AUTHORITY THEREFOR," was filed on defendant's behalf. This motion stated no facts showing what evidence was unlawfully seized. Further, the record shows no amendment to defendant's motion to suppress and there is no indication that a pre-trial hearing was conducted on the motion. However, the trial transcript shows that immediately before trial defendant's attorney reminded the trial court that defendant had a "preliminary motion to suppress" pending and that "[t]he purpose of the motion is to determine whether or not it was a lawful stop. . . ." Defense counsel then stated that a pre-trial hearing was not necessary and that he would rely on evidence presented at trial to support the motion to suppress. The State's attorney did not agree with this procedure and he offered to present evidence in opposition to defendant's motion to suppress. The trial court was concerned that deciding the motion to suppress during trial would "disturb the flow of the trial." However, defense counsel insisted that he had no intention to "interrupt the

normal flow of the trial . . ." and stated that if he "filed the motion at the conclusion of the State's case the Court could make a ruling on the motion to suppress." The trial court agreed and the case was presented to the jury. The State's evidence revealed the following:

On July 3, 1987, defendant was stopped by Officer Dale Hardy of the LaGrange Police Department after the officer observed defendant run through an intersection without observing a red flashing light. Officer Hardy noticed that defendant was unsteady on his feet; that he smelled of alcohol and was unresponsive to simple questioning. Officer Hardy arrested defendant for "driving under the influence [and] advised [defendant] of the implied consent warning." Defendant did not indicate whether he would submit to a breath test, but later he consented to a State administered breath test and requested that he be given an opportunity for an independent test to determine the alcohol content in his body.

The State administered the breath test and the results indicated that defendant's blood alcohol concentration was .16 grams percent. Defendant was then taken to a hospital for an independent analysis of his blood and the results of that test indicated that defendant's blood alcohol concentration was .20 grams percent.

After the State rested, the trial court denied defendant's motion to suppress. Defendant presented no evidence at trial, but defense counsel tendered several exhibits in support of the motion to suppress. The case was then submitted to the jury and the jury found defendant guilty of the offense charged. This appeal followed the denial of defendant's motion for new trial. *Held:*

In his sole enumeration, defendant contends "[t]he trial court committed error in denying [his] Motion to Suppress in that [he] was not under legal arrest at the time or within a reasonable time thereafter when the breath and blood tests were administered."

Defendant did not bring this question to the trial court by setting forth facts in his motion to suppress as is required by OCGA § 17-5-30 (b). *Mosier v. State,* 160 Ga. App. 415 (2) (287 SE2d 357). Compare *State v. Blosfield,* 165 Ga. App. 111, 112 (2) (299 SE2d 588). However, in an abundance of caution, we address the basis orally asserted by defense counsel for the motion to suppress, i.e., "whether there was probable cause to make the instant stop." In this vein, we simply note that defendant's illegal passage through the flashing red light authorized the stop. *Minor v. State,* 180 Ga. App. 869 (1), 870 (350 SE2d 783). The trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED DECEMBER 4, 1989.

Kenneth L. Gordon, for appellant.
Daniel W. Lee, Solicitor, for appellee.