## A89A2325. ROUNDTREE et al. v. THE STATE.
(391 SE2d 682)

McMurray, Presiding Judge.

Defendants were convicted of armed robbery (Count 1) and entering an automobile with intent to commit a theft (Count 2). This appeal followed. *Held*:

1. In their first enumeration of error, defendants contend the trial court erred in overruling a motion for mistrial. The motion was made when the district attorney questioned one of the defendants concerning the whereabouts of potential alibi witnesses. In this regard, defendants assert the motion for mistrial should have been granted because by his questions the district attorney was improperly commenting on defendants' failure to come forward with exculpatory evidence. This enumeration of error is without merit. The district attorney's questions were not improper. See generally *Haas v. State*, 146 Ga. App. 729, 731 (3) (247 SE2d 507). Besides, the motion for mistrial was not renewed after the trial court instructed the district attorney to abandon the challenged line of questioning. See *Chandler v. State*, 143 Ga. App. 608, 609 (2) (239 SE2d 158).

2. The trial court did not commit reversible error in charging the jury on the presumption of truthfulness. *Coleman v. State*, 189 Ga. App. 366, 367 (5) (375 SE2d 663). "Although the challenged charge should no longer be given, it is not unconstitutionally burden shifting. [Cits.]" *Johncox v. State*, 189 Ga. App. 188, 189 (4) (375 SE2d 139).

3. The trial court did not err in giving the jury a "dynamite" charge. No objection was made to the charge. Moreover, the charge was nearly identical to the charge approved by the Supreme Court in *Spaulding v. State*, 232 Ga. 411, 413 (4) (207 SE2d 43). See *Jordan v. State*, 172 Ga. App. 496, 499 (5) (323 SE2d 657).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 26, 1990.

*Allen, Brown & Bruce, Michael J. Classens*, for appellants.
*J. Lane Johnston, District Attorney, Jack B. Williamson, Jr., Assistant District Attorney*, for appellee.