## A91A0257. HALL v. THE STATE.
(409 SE2d 221)

ANDREWS, Judge.

Hall appeals his conviction of possession of methamphetamine, a felony (Count 2); misdemeanor possession of marijuana (Count 3); driving under the influence of drugs and alcohol, a misdemeanor (Count 4); and leaving the scene of an accident, a misdemeanor (Count 5).

1. The fourth enumeration claims error in denial of the motion to suppress urine and blood test results. These tests showed marijuana and methamphetamine in Hall's urine and .07 blood alcohol. The motion stated, with regard to the arrest, that it was without probable cause or reasonable ground, "illegal, in violation of defendant's constitutional and statutory rights, and all evidence seized as a result of said arrest should be suppressed."[1] Even if the unidentified constitutional provisions had been specified, "rote repetition of constitutional provisions is totally ineffective in raising a constitutional issue for this court's determination. See *Taylor v. State*, 177 Ga. App. 624, 628 (3) (340 SE2d 263) (1986), where we pointed out that 'merely intoning' a citation to a constitutional provision fails to provide a basis for our

---

[1] Defendant did claim below that the implied consent procedures of OCGA § 40-6-391 were not properly followed, but that issue is not included in the appeal.

examination of the right purportedly deemed to have been violated. [Cit.]" *Harbin v. State*, 193 Ga. App. 248 (1) (387 SE2d 367) (1989).

Had the intonation of "probable cause" been sufficient to raise that issue, however, no facts in support of suppression were contained in the motion, as required by OCGA § 17-5-30 (b). *McConnell v. State*, 193 Ga. App. 801, 830 (389 SE2d 388) (1989).

Although not properly raised, there was sufficient evidence to give the officer probable cause to arrest defendant for driving under the influence.

"A 'warrantless arrest' is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed . . . an offense. [Cits.]" *Callaway v. State*, 257 Ga. 12, 13 (2) (354 SE2d 118) (1987). See *Napier v. State*, 184 Ga. App. 770, 771 (1) (362 SE2d 501) (1987).

The officer received a call of a wreck around 3:00 a.m. Upon arrival at the scene, he found a damaged mailbox and culvert, but no vehicle. He found an ashtray at the scene which contained a leafy substance which the officer believed to be marijuana. Witnesses told him the color of the vehicle and where it had pulled in and that it looked like the "Hall boy" and his truck. The officer located such a vehicle about a half-block from the scene of the wreck and it was extensively damaged, including having the windshield busted out.

Certainly, at this point, the officer had reason to believe that injuries might have occurred, in addition to the need to further investigate the circumstances of the accident, including the use of the suspected marijuana. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968); *State v. Brown*, 178 Ga. App. 307, 308 (1) (342 SE2d 779) (1986). Upon his knocking at the door and inquiring, the owner of the residence, which was not Hall's, took the officer to Hall who was being ministered to by a woman removing glass shards from his head. Asked if he owned the pickup truck, he responded affirmatively. The officer noticed the smell of alcohol on his breath and that his eyes were bloodshot. At that point, he was arrested.

The argument here is that there was no probable cause to believe that Hall had been driving the truck while under the influence. It is not necessary for a conviction of driving under the influence, much less for probable cause, that the driver actually be seen behind the wheel driving the car while under the influence. *Napier*, supra; *Brown*, supra. Such facts, as any others, may be shown by circumstantial evidence, OCGA § 24-1-1 (4).

Further, the implication in the dissent that a field sobriety test is required in order to have probable cause is not warranted. *Howard v. State*, 177 Ga. App. 589 (1) (340 SE2d 212) (1986).

By considering all the facts available to him and weighing the reasonableness and probabilities of the circumstances, the officer had the requisite probable cause to arrest. *State v. Grant*, 257 Ga. 123, 125 (1) (355 SE2d 646) (1987). The same strictness of proof required for a finding of guilt is not necessary for probable cause. Upon conducting the tests, the presence of marijuana and methamphetamine was confirmed.

Therefore, we conclude there was sufficient probable cause to support the arrest of defendant for driving under the influence.

2. Unlike *Clay v. State*, 193 Ga. App. 377 (387 SE2d 644) (1989) and *Groom v. State*, 187 Ga. App. 398 (370 SE2d 643) (1988) cited by the dissent, this case did not involve only one or two facts, i.e., consumption of alcohol and a wreck, or bloodshot eyes and the odor of alcohol.

Upon the trial of the case by the court without a jury, the additional evidence of .07 grams percent alcohol was a fact to be considered by the factfinder, OCGA § 40-6-392 (b) (2), as well as the presence of methamphetamine and marijuana in Hall's blood. Additional facts included the early morning hour; the striking of fixed objects; the bloodshot eyes and odor of alcohol; the opinion of the experienced police officer who observed defendant within a short period of the accident that he was intoxicated to the extent it was less safe for him to drive; and the opinions of the expert witness that .07 blood alcohol rendered one less safe to drive. These facts, viewed in a light in favor of the decision of the factfinder, were sufficient to support the convictions of Counts 2, 3 and 4. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lawrence v. State*, 157 Ga. App. 264 (1) (277 SE2d 60) (1981).

3. Hall enumerates as error denial of his motion to quash the indictment as to Count 4 (DUI), because it failed to charge him with a crime under OCGA § 40-6-391 due to the failure to allege "to the extent that it was less safe for the person to drive."

While this specific language was added to the statute by Ga. L. 1988, p. 1893, it has always been required, in order to convict of OCGA § 40-6-391 (a) (1), (2) or (3), that the State prove it was less safe for the accused to drive due to consumption of alcohol, drugs, or both. *Cook v. State*, 220 Ga. 463, 465 (2) (139 SE2d 383) (1964); *Hooks v. State*, 97 Ga. App. 897 (104 SE2d 623) (1958). Failure to include this language in Count 4 of the indictment did not require granting of the motion to quash since the indictment alleged "driving under the influence . . . contrary to the laws of said State." *Hooks*, supra; *State v. Howell*, 194 Ga. App. 594, 595 (391 SE2d 415) (1990).

4. Defendant Hall also contended that the motion to quash should have been granted on the basis that jurisdiction of the misdemeanor offenses was conferred upon the county probate court and

never properly transferred to the superior court pursuant to Uniform Probate Court Rule 16.1. This argument is apparently premised on the issuance of a Uniform Traffic Citation made returnable to probate court. There is no indication in the record that any proceedings were conducted in the probate court before the indictment containing the felony count and the misdemeanors was returned and proceedings initiated in the superior court. The superior courts have concurrent jurisdiction over misdemeanors with inferior courts. Ga. Const., Art. VI, Par. IV, Sec. I; OCGA § 15-6-8; *Allen v. State*, 85 Ga. App. 887 (1) (70 SE2d 543) (1952).

In addition, the transfer rule relied upon applies by its terms to civil matters. There was no error.

5. Here, for the first time, Hall argues that the offenses in Counts 2, 3 and 4 merged as matters of law and fact and he could not be sentenced on all three of those counts. This ground, however, was not presented to the court below and no objection having been made to the sentence, it will not be considered here for the first time. *Johncox v. State*, 189 Ga. App. 188 (1) (375 SE2d 139) (1988).

6. Defendant contends the evidence was insufficient to prove a violation of OCGA § 40-6-273 and that the court erred in sentencing him on it. That section provides that "[t]he driver of any vehicle involved in an accident resulting only in damage to a fixture legally upon or adjacent to a highway shall take reasonable steps to locate and notify the owner or person in charge of such property of such fact and of his name and address and of the registration number of the vehicle he is driving and shall, upon request and if available, exhibit his operator's license."

Here, the State relied upon hearsay statements of unidentified persons relayed by the investigating officer to show that Hall's truck was righted by unidentified people and he fled the scene without attempting to notify the unidentified owner of the mailbox and culvert. Although no objection was made to this hearsay evidence, it was without probative value. *Duke v. State*, 205 Ga. 106, 110 (1) (52 SE2d 455) (1949); *Curtis v. State*, 190 Ga. App. 173, 175 (378 SE2d 516) (1989).

There was no probative evidence to show that Hall did not take "reasonable" steps to comply with this statute and this conviction is reversed.

*Judgment affirmed in part and reversed in part. Banke, P. J., Carley, Pope, Beasley and Cooper, JJ., concur. Sognier, C. J., McMurray, P. J., and Birdsong, P. J., dissent.*

McMURRAY, Presiding Judge, dissenting.

Review of the transcript in a light most favorable to the verdict reveals that a peace officer dispatched to the scene of a reported mo-

tor vehicle accident found no vehicle there. There was some indication that a wreck had occurred, a mailbox and a culvert had been hit and it appeared that a vehicle had rolled a couple of times. Witnesses directed the officer to a nearby residence, where he found defendant and his extensively damaged vehicle. Defendant was placed under arrest for leaving the scene of an accident and for driving under the influence of alcohol. After defendant was read the implied consent warning, he agreed to the officer's request that he permit the taking of blood and urine samples. Defendant's blood sample contained .07 grams percent alcohol and his urine sample tested positive for both methamphetamine and marijuana.

Contending that his arrest was illegal because not based on probable cause, defendant moved to suppress all evidence seized as a result of the arrest. Defendant's motion to suppress evidence contended that he "was arrested in Banks County, Georgia at the residence of Terry O'Kelly on or about March 11, 1989, and charged with the offenses of driving under the influence and leaving the scene of the accident.

"That the arrest of defendant was without sufficient probable cause or reasonable ground to believe that defendant was violating the provisions of Section 40-6-391 as charged by the arresting officer.

"That the arrest of defendant was illegal, in violation of defendant's constitutional and statutory rights, and all evidence seized as a result of said arrest should be suppressed by this Court." In my view, defendant's motion to suppress, albeit skeletal, sufficiently presented the facts and constitutional principle upon which it was predicated.

Prior to arresting defendant, the arresting officer did not conduct any sobriety test, nor did the officer, after speaking with defendant, have any indication that defendant was intoxicated other than the smell of alcohol on defendant's breath and his bloodshot eyes. There is no evidence that defendant displayed any physical or mental impairment. The smell of alcohol on one's breath is an indication that one has been drinking, but does not independently indicate intoxication such as would render one a less safe driver. *Clay v. State*, 193 Ga. App. 377, 379 (2) (387 SE2d 644). Nor does involvement in a motor vehicle wreck after consuming alcohol (and other drugs) alone provide proof that one was driving while intoxicated to such an extent as would render one a less safe driver. *Groom v. State*, 187 Ga. App. 398, 400 (370 SE2d 643). At the time of the arrest in the case sub judice, the arresting officer lacked any information which would reasonably lead him to a conclusion that defendant was a less safe driver due to the consumption of alcohol or other drugs. *Clay v. State*, 193 Ga. App. 377, 379 (2), supra. Therefore, in my view, the officer lacked probable cause for the arrest of defendant for driving under the influence.

I would also hold that the officer did not have probable cause to arrest defendant for "leaving the scene of an accident." This phrase is usually used to refer to OCGA § 40-6-270 which is clearly inapplicable to the case sub judice since there was no injury to a person or damage to a vehicle such as would invoke this statute. It is apparent from his testimony that the officer, although referring to defendant's leaving the scene of an accident, may have actually intended to arrest defendant for violation of OCGA § 40-6-273 which requires "[t]he driver of any vehicle involved in an accident resulting only in damage to a fixture legally upon or adjacent to a highway shall take reasonable steps to locate and notify the owner or person in charge of such property of such fact and of his name and address and of the registration number of the vehicle he is driving and shall, upon request and if available, exhibit his operator's license." However, at the time of defendant's arrest the officer had no knowledge of whether or not defendant had complied with this statute. Therefore, whichever statute the officer had in mind, he lacked probable cause to arrest defendant for "leaving the scene of an accident."

As the officer lacked any probable cause for the arrest of defendant, the evidence obtained following and as a result of the arrest of defendant was therefore illegally obtained. I would hold that the trial court should have granted defendant's motion to suppress. *State v. Bishop*, 188 Ga. App. 881, 882-883 (374 SE2d 808); *Moore v. State*, 155 Ga. App. 299, 300 (3) (270 SE2d 713).

There was no evidence presented at trial which would authorize a trier of fact to conclude that defendant was a less safe driver due to consumption of alcohol, another drug, or a combination thereof. Also, defendant's blood alcohol content was not shown to be at or in excess of .12 grams. Indeed, under the statutory scheme no presumption as to whether or not defendant was under the influence of alcohol to an extent that he was a less safe driver arose from the concentration of alcohol in his blood of .07 grams. OCGA § 40-6-392 (b) (2). In my view, a rational trier of fact was not authorized under these circumstances to find defendant guilty beyond a reasonable doubt of driving under the influence. *Clay v. State*, 193 Ga. App. 377, 379 (2), supra; *Groom v. State*, 187 Ga. App. 398, 400, supra.

I am authorized to state that Chief Judge Sognier and Presiding Judge Birdsong join in this dissent.

DECIDED JUNE 17, 1991 —
RECONSIDERATION DENIED JULY 23, 1991 — 

*Darryl R. Vandeford*, for appellant.
*Timothy G. Madison, District Attorney, Jeffrey G. Morrow*, As-

*sistant District Attorney*, for appellee.