A91A2175. THE STATE v. THURMOND.
(416 SE2d 529)

SOGNIER, Chief Judge.

Stewart Michael Thurmond was arrested and charged with failure to yield and leaving the scene of an accident. He filed a motion in limine to exclude statements he made to police incident to his arrest. The State appeals from the grant of this motion.

At the motion hearing, Fulton County Police Officer Cruz testified that at approximately 2:30 a.m. on July 21, 1990 he responded to a call concerning a hit and run accident in north Fulton County. The accident victim informed him that she had followed the car which struck hers until she could observe the tag number. Cruz traced the tag number to an address and dispatched another officer to the house at that address to watch for a car matching the victim's description. When he received word about 30 minutes later that a car with the license plate at issue and meeting the victim's description was parked in the driveway, he met two officers at the scene. They observed that the front of the car had been damaged and noticed paint on the car that appeared to have been transferred from another vehicle. Cruz determined by touching the hood that the engine was still warm. Cruz testified that he and the other officers then knocked on both the front and back doors and shone their flashlights into the house, where they observed people inside the house trying to dodge the lights. Eventu-

ally a young man came to the door, and in response to Cruz's inquiry stated that he was a visitor and that the car did not belong to him. Cruz testified that when he informed the visitor that he intended to impound the car if he could not locate the owner, appellee appeared at the door and stated that the car belonged to his father. Appellee then stepped outside to examine the car and upon further questioning by Cruz admitted he had been driving the car. Cruz then arrested appellee, read him his rights, and asked him additional questions about the incident.

Appellee, the only other witness at the hearing, gave a conflicting version of the events. He testified that he was awakened by his houseguest and went to the door clad only in underwear and a towel. He stated that another officer at the scene, not Cruz, asked his name and told him in a "forceful" voice to step outside, and that this officer placed his hand on appellee's arm to escort him outdoors. Appellee stated the officer then asked appellee whether he had been driving the car. Upon receiving an affirmative answer, the officer escorted appellee back into the house and allowed him to dress before advising him he was under arrest. Appellee testified that he did not feel he was free to decline to talk to the officers or to accompany them outside. He did not recall having been told that the car would be impounded if the driver was not found, and he did not know whether his houseguest had spoken to the officers.

Appellee based his motion in limine on his argument that the warrantless arrest was invalid because it did not fall within any of the exceptions delineated in OCGA § 17-4-20 (a). On appeal, the State contends that the arrest was nonetheless legal because it met the federal law standard of probable cause. We agree and reverse.

Our courts have held that a warrantless arrest legal under federal law — that is, one made on the basis of probable cause — is legal under state law, and that the requirements of OCGA § 17-4-20 (a) and federal law are the same. *Durden v. State*, 250 Ga. 325, 326-327 (1) (297 SE2d 237) (1982). "Under this standard an arrest is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed . . . an offense. [Cit.]" Id. at 326 (1).

Since the trial court did not make findings of fact, we cannot determine which witness's version of the events the court found more credible. However, even assuming, but not deciding, that appellee's account of the events was correct, and assuming further that the officers' actions resulted in a seizure of appellee, we find no impermissible conduct that would taint the subsequent arrest. The Fourth Amendment authorizes police to make brief seizures of citizens if

based on an articulable suspicion that the law has been violated. E.g., *Verhoeff v. State*, 184 Ga. App. 501, 503 (362 SE2d 85) (1987); *Allen v. State*, 140 Ga. App. 828, 830-831 (232 SE2d 250) (1976). "[W]hat is a 'reasonable articulable ground' for the detention may be less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment. [Cit.] Each case depends on its own facts." *Allen*, supra at 830. Here, the officers had been informed that a hit and run accident had occurred and that the alleged offending driver had been driving a car whose tag number and description matched that of the car in appellee's driveway. They had reason to believe that the car they observed had been driven recently and to conclude that the occupants of the house were attempting to avoid being seen by the officers. Also, the other occupant of the house informed them that he had not been driving the car, and he called appellee to the door in response to the officers' inquiries. Under the totality of the circumstances, we hold the officers had an articulable suspicion for detaining appellee briefly to determine whether he had been driving the car at the time of the accident. See id. at 829-831 (1); see also *State v. Turntime*, 170 Ga. App. 740, 742-743 (318 SE2d 157) (1984).

Given that this brief detention of appellee was permissible, once appellee admitted driving the car at the time of the accident the officers then had probable cause to arrest him. See *Hall v. State*, 200 Ga. App. 585-587 (1) (409 SE2d 221) (1991); *Smith v. State*, 188 Ga. App. 574-576 (1) (373 SE2d 800) (1988). Further, since the officers had probable cause to arrest appellee for the charged offenses, his arrest outside the premises of his home was constitutionally permissible. *Smith*, supra at 576 (1). Accordingly, we hold the trial court erred by granting appellee's motion in limine.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 20, 1992 —
RECONSIDERATION DENIED MARCH 6, 1992 —

*James L. Webb, Solicitor, Helen A. Roan, R. Lee O'Brien, Jr., Assistant Solicitors*, for appellant.
*Guy E. Davis, Jr.*, for appellee.