## A95A1826. HENDERSON v. THE STATE.
### (460 SE2d 876)

McMURRAY, Presiding Judge.

Defendant Henderson appeals his conviction for the offenses of armed robbery and aggravated assault. *Held*:

1. The first enumeration of error questions the sufficiency of the evidence to authorize the conviction of defendant. Viewing the evidence presented at trial in the light most favorable to upholding the verdict, it shows that defendant robbed a convenience store by threatening the store clerk with a knife. After defendant went behind the counter and closely approached the store clerk, the clerk attempted to restrain defendant by grabbing his wrist and an altercation ensued during which defendant used the knife to cut the store clerk. Defendant then stood over the store clerk and ordered him to "[g]ive me the money." After taking a quantity of cash from the cash register, defendant fled.

Defendant had been at the convenience store earlier on the evening of the robbery and sold the store clerk a lawn mower. Defendant testified that when he sold the lawn mower, he did not count the money given him by the store clerk until after leaving the store and that upon discovering that it was less than the agreed sum he returned to the store. According to defendant, the store clerk greeted his return with harsh words which escalated into an altercation over the lawn mower. Defendant denied that he had a knife. Defendant testified that after the altercation, the store clerk handed over the additional money for the lawn mower and he left the store.

The store clerk denied that the altercation related to the lawn mower transaction. A customer in the store saw defendant and the store clerk struggling, and that defendant had a knife, before leaving to notify police of the incident.

The conflicts in the testimony presented an issue of credibility for resolution by the jury. *Stephens v. State*, 264 Ga. 761 (1) (450 SE2d 192); *Hall v. State*, 201 Ga. App. 626 (1) (411 SE2d 777). The evidence is sufficient to authorize the jury's determination that defendant was guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Grant v. State*, 215 Ga. App. 10, 11-12 (449 SE2d 545).

2. Defendant contends the trial court erred in failing to charge the jury on robbery by intimidation, a lesser included offense of the offense of armed robbery. But no written request for such a charge was submitted to the trial court. " 'The failure to instruct on a lesser included crime is not error, regardless of whether the evidence would have authorized or demanded such a charge, in the absence of a written request.' *Walston v. State*, 245 Ga. 572, 573 (266 SE2d 185) (1980)." *Daniel v. State*, 248 Ga. 271, 272 (1) (282 SE2d 314).

3. In his final enumeration of error, defendant contends that the offense of aggravated assault merged into the armed robbery offense as a matter of fact, resulting in the erroneous imposition of a separate sentence for each offense. But this issue was not raised below and no objection was made to the sentences imposed. Thus, the matter was

not preserved for appellate review. *Hall v. State*, 200 Ga. App. 585, 588 (5) (409 SE2d 221); *Johncox v. State*, 189 Ga. App. 188 (1) (375 SE2d 139); *LeGallienne v. State*, 180 Ga. App. 108, 111 (4) (348 SE2d 471).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 2, 1995.

*William R. Thompson, Jr.*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.